Clemens et al. *v.* Upper Gwynedd Township
Zoning Hearing Board.

Argued June 3, 1971, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MANDERINO and ROGERS.

*H. Kenneth Butera,* with him *Butera & Detwiler,* for appellants.

*Cassin W. Craig,* with him *David M. Jordan* and *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellee.

OPINION BY JUDGE KRAMER, August 26, 1971:

This is an appeal from an Opinion and Order of the Court of Common Pleas of Montgomery County, sitting en banc, in which the lower court vacated the granting of a special exception by the Zoning Hearing Board of Upper Gwynedd Township (Board) to Alvin H. Clemens, et al. (appellants). The court also ordered a new hearing on the merits before the Board.

The appellants own a tract of land at the intersection of Allentown and Valley Forge Roads in Upper Gwynedd Township. For that portion which is zoned Commercial, they made application for a special exception permit to remove two existing dilapidated residences and to construct and operate a restaurant business. A restaurant is a permitted use, when allowed as a special exception, in a Commercial district under the Zoning Ordinance of the Township. In May of 1969, the appellants made this application for a special exception to permit the operation of a restaurant under a franchise to be issued by the Burger King Corporation. The Board granted the special exception on July 25, 1969, and Frederick C. J. Schnabel, et al. (appellees) appealed to the Court of Common Pleas of Montgomery County, which on February 9, 1970, remanded the matter to the Board. The Burger King Corporation

then withdrew its interest; and on March 24, 1970, the appellants filed a new but very similar application for a special exception to operate a restaurant, this time under a franchise to be issued by Mid-Atlantic Hardee, Inc. On July 6, 1970, the Board again granted a special exception to the appellants, and on August 27, 1970, the appellees again appealed to the court. No new testimony was presented to the court. Some five months later, on January 15, 1971, the lower court issued its opinion and order vacating the order of the Board and again remanding the matter to the Board for a new hearing.

Appellants argue on appeal that the appellees' appeal to the lower court was not timely and that the lower court committed reversible error in not sustaining the action of the Board. The Pennsylvania Municipalities Planning Code (Planning Code), Act of July 31, 1968, P. L. , No. 247, §1004, 53 P.S. 11004, provides: "Time limitation upon appeal—All zoning appeals shall be filed not later than thirty days after issuance of notice of the decision or report of the board." The record reveals that the appellees' appeal to the court below was filed fifty-two days after the decision of the Board, but there is nothing in the record to indicate whether or not notice of the decision of the Board was ever issued. Appellants further argue that under Section 908(9) of the Planning Code, 53 P.S. 10908(9), the Board is required to render a written decision within forty-five days, and if the Board fails to render such a decision, then a decision is deemed to have been rendered in favor of the applicant. The appellants argue that the appellees should have made inquiry within thirty days from the end of the forty-five day period, or August 11, 1970. Appellants argue that since the appeal was not filed until sixteen days thereafter, or August 27, 1970, the appellees' appeal should be dismissed.

Although appellants' argument contains logic, it falls short of the mandate of the statute. It could just as well be argued that the appellants should also have made inquiry within the forty-five day period on the status of the decision of the Board, to make certain that notice was issued so as to commence the running of the thirty-day appeal period time limit. The Planning Code, at 53 P.S. 10908(10), provides as follows: "A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date. To all other persons who have filed their name and address with the board not later than the last day of the hearing, the board shall provide by mail or otherwise, brief notice of the decision or findings and a statement of the place at which the full decision or findings may be examined." The lower court found that the appellees were represented by counsel and had made known their names and addresses to the Board before the hearing concluded, and therefore they were entitled to notice. The record does not disclose any notice having been given to the appellees or the counsel. We agree with the court below that the appeal of the appellees to the court below was timely.

The only other matter that is discussed in the opinion of the court below is the fact that, although the appellants and the appellees had requested a current copy of the zoning code from the Board, they were given a copy of the Board's code which did not include an amendment placing the burden of proof, in special exception cases, upon the applicant to show that the granting of the exception would not be contrary to the health, morals, safety or welfare of the citizens of the township. The interesting thing about this particular matter in this case is that the applicant (appellants

here) upon whom this additional burden was placed and to whom such an absence of knowledge of such an amendment could have been disadvantageous, has not complained. Instead, it is the appellees who are complaining. The appellants have asserted to this Court that in spite of the fact that they did not know about the burden of proof amendment, they are satisfied that the existing record sufficiently supports that burden, and they have argued to this Court that they are willing to stand on the present status of the record.

We recognize that, as a general principle, where the court below takes no additional testimony, judicial review is limited to a determination of whether or not the Board is guilty of a manifest abuse of discretion or has committed an error of law. See *Wynnewood Civic Association v. Lower Merion Township Board of Adjustment,* 406 Pa. 413, 179 A. 2d 649 (1962). In view of this well-settled principle of law, we very carefully reviewed the record in this case in an attempt to determine whether or not the Board had abused its discretion or committed an error of law. It appears to us that the testimony is adequate to support the burden of proof required by the zoning ordinance.

The only remaining question, which was presented to this Court in the briefs of both parties, is whether the zoning ordinance which had designated a part of appellants' property as Commercial was invalid as spot zoning. From the record before us (which, incidentally did not include any of the maps, photographs, or other evidence mentioned in the transcript of the proceedings) spot zoning is not mentioned, nor can it be inferred, as an item in the protestants' *Zoning Appeal Notice* filed with the court below. It is significant that the court below also made no mention of it in its opinion. Although spot zoning may have been intended as an issue by the appellees in this case, no proper appeal

on that issue was taken from the Board's adjudication that the property in question was duly zoned commercial in 1963. The Pennsylvania Municipalities Planning Code, *supra* (Article X, Section 1005, 53 P.S. 11005), provides: "(a) Zoning appeals shall be entered as of course by the Prothonotary or the Clerk upon the filing of a zoning appeal or notice *which concisely sets forth the grounds upon which the appellant relies*, verified to the extent that it contains averments of fact. ..." (Emphasis added) Although the appellees' zoning appeal notice mentions the possibility of supplemental grounds for the appeal, there is nothing in this record to indicate that the pleading was ever supplemented. Therefore, this Court need not pass upon spot zoning as an issue in this case.

We hold that there is sufficient evidence in the record of the proceedings before the Board to decide that the Board was not guilty of a manifest abuse of discretion or error of law in determining that the appellants have met their burden in support of their application for a special exception.

It is now more than two years since the appellants first attempted to obtain the special exception which has been granted twice by the Board, and in view of our ruling that the record supports the statutory burden placed upon the appellants, there is no need for a remand as suggested by the appellees and the court below. Therefore, the order of the court below is reversed.