James J. Foltz, Jr., Appellant, *v.* Zoning Hearing Board of the Borough of Monroeville, Appellee. (Two appeals)

Argued November 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

310

*David W. Craig,* with him *William John Chapas* and
*Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,*
for appellant.

*Jerome M. Meyers,* with him *Meyers & Keyser,* for
appellees, protestants.

*Richard L. Rosenzweig,* with him *Rosenzweig &
Rosenzweig,* for zoning board.

OPINION BY JUDGE CRUMLISH, JR., April 23, 1974:
Consolidated here are appeals from two interlocu-
tory orders of the Court of Common Pleas of Allegheny

County before this Court pursuant to the Act of March 5, 1925, P. L. 23, 12 P.S. §672 et seq. As the origin of both controversies can be traced to the failure of the Zoning Hearing Board of the Borough of Monroeville (Board) to render a timely decision on an application for a use variance filed by Appellant James J. Foltz (Foltz) in the latter part of 1970, the intertwined factual and procedural histories of both appeals can best be explicated chronologically.

On October 8, 1970, Foltz appealed to the Board a denial of his application for building permits to construct a shopping center composed of small stores and professional offices partially in an R-I residential zone prohibiting such a use. He there challenged the procedural validity of the ordinance, and, alternatively, requested a use variance to develop commercially that part of his property zoned residential. The Board conducted hearings through December 10, 1970, and rendered a decision denying the appeal on January 26, 1971, or forty-six days after its last hearing. Foltz then filed a mandamus action in the Court of Common Pleas of Allegheny County on February 17, 1971, to compel the issuance of permits, contending that the Board's decision was deemed to be in his favor as not rendered within forty-five days as required by Section 908(9) of the Pennsylvania Municipalities Planning Code (Planning Code), Act of July 31, 1968, P. L. 805, 53 P.S. §10908(9). This position was ultimately sustained by this Court in *Foltz v. Monroeville*, 5 Pa. Commonwealth Ct. 304, 290 A. 2d 269 (1972).

In the interim, however, Foltz had filed a precautionary appeal from the January 26, 1971 actual adverse decision of the Board (160 C.D. 1973 herein, the "Foltz Appeal"), and into which the protestant-neighboring property owners (Appellees herein) were permitted to intervene. After he succeeded in the mandamus action, however, Foltz understandably withdrew

this appeal. It is from the lower court's order of January 16, 1973, striking this discontinuance and withdrawal, and essentially permitting the intervening protestants to continue the appeal as appellants, though the Board's decision was ostensibly in their favor, that the Foltz Appeal comes before this Court.

These same protestants filed an appeal (161 C.D. 1973 herein, the "Borden Appeal") from the deemed decision of the Board on July 22, 1971, twenty-nine days after the lower court granted Foltz a summary judgment in his mandamus action. Foltz intervened as an appellee-applicant in the Borden Appeal, and thereafter moved to quash the appeal as not filed within thirty days of Appellant's receipt of actual notice of the Board's deemed decision. From the court's order of January 31, 1973, refusing to quash the appeal, Foltz has appealed to this Court.

The right to appeal an interlocutory order deciding a question of jurisdiction is provided by the Act of March 5, 1925, P. L. 23, 12 P.S. §672. The time for taking such an appeal, which was previously fifteen days under Section 3 of the 1925 Act, 12 P.S. §674, is now governed by Section 502(d) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, 17 P.S. §211.502(d). This section provides in pertinent part: "An appeal from an interlocutory order raising a question of jurisdiction, Section 3, Act of March 5, 1925 . . . shall be filed within twenty days of its entry." We need not decide whether the court's striking of the discontinuance of the Foltz Appeal by the original appellant raised a question of jurisdiction because, even assuming it did, the appeal to this Court was taken more than twenty days from the date on which the order was entered, and therefore must be quashed. The order was entered January 16, 1973, whereas the appeal was not filed in the Court until February 14, 1973, well beyond the twenty-day period. The time limita-

tion for taking appeals under the Act of 1925 is mandatory and must be strictly adhered to. *Malis v. Lieberman*, 439 Pa. 602, 266 A. 2d 745 (1970); *Colonial Pipeline Co. v. Peery*, 434 Pa. 244, 252 A. 2d 697 (1969). "Where an act of assembly fixes the time within which an appeal may be taken, the time may not be extended in the absence of fraud or its equivalent, which is not present herein. The time may not be extended as a matter of indulgence." *Luckenbach v. Luckenbach*, 443 Pa. 417, 419, 281 A. 2d 169 (1971). As this appeal was untimely, this Court lacks jurisdiction to consider its merits and hence must quash the appeal.

As to the Borden Appeal, there is no question that it was filed within twenty days of the lower court's January 31, 1973 order.[1] Nor is there any question that the order appealed from determined a jurisdictional question. *See generally Studio Theaters, Inc. v. Washington*, 418 Pa. 73, 209 A. 2d 802 (1965); *Haddington Leadership Organization, Inc. v. Sherman*, 8 Pa. Commonwealth Ct. 309, 302 A. 2d 919 (1973). The timeliness of an appeal from a decision of a zoning board goes to the jurisdiction of the court to hear the case on its merits, and an appeal taken after the statutory period has run must be quashed. *Kravitz v. Zoning Board of Adjustment*, 415 Pa. 97, 202 A. 2d 64 (1964); *Blank v. Zoning Board of Adjustment*, 390 Pa. 636, 136 A. 2d 695 (1957); *Big Bear Oil Company v. Zoning Board of Adjustment of Greenville*, 2 Pa. Commonwealth Ct. 33, 277 A. 2d 166 (1971); *see also Annette Phillips v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 521, 311 A. 2d 175 (1973). In

---

[1] Although the Intervening Appellee, the Monroeville Zoning Hearing Board, argues in its brief that the January 31st order was merely a clarification of the January 16th order and thus the time for appeal ran from the first order, the January 16th order in no way disposed of Foltz's motion to quash the Borden Appeal, and thus could hardly start the running of the appeal period.

reaching the merits of this jurisdictional question, then, we must disagree with the court below that the Borden Appeal was timely filed.

Although this is apparently a case of first impression, we think it is clear that the thirty day appeal period open to protestants from a *deemed decision* begins to run on the *forty-sixth day* following the last hearing on an application where the Board has failed to render a decision. Section 908(9) of the Planning Code then provided in pertinent part: "The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days. . . . Where the board has the power to render a decision and the board . . . fails to render a decision within the period required by this clause, *the decision* shall be deemed to have been rendered in favor of the applicant." (53 P.S. §10908(9), emphasis supplied.) Section 908(10) of the Planning Code, in turn, determines who is entitled to notice and the manner in which it is to be given: "A copy of the final decision or, where no decision is called for, of the findings, shall be delivered to the applicant personally or mailed to him not later than the day following its date. *To all other persons who have filed their name and address with the board not later than the last day of the hearing*, the *board* shall provide by mail or otherwise, brief notice of the decision or findings and a brief statement of the place at which the full decision or findings may be examined." (53 P.S. §10908(10), emphasis supplied.) As Section 1004 of the Planning Code then provided that the thirty day appeal period ran from the "issuance of notice of the decision or report of the board" (53 P.S. §11004), the pivotal question here is whether the Board, itself, must give notice of its *deemed decision* before the appeal period begins to run.

We think not. The protestants and other parties before the Board are presumed to know the law, which

in this case is the mandate of Section 908(9) that a decision is conclusively deemed to be in an applicant's favor if the Board fails to render a decision within forty-five days. When the forty-five day period passes without action by the Board, the participants are then put on notice that a "decision" is deemed to be rendered, and they must file an appeal thirty days from that date. *See* Ryan, *Pennsylvania Zoning*, 9.4.28 (1972). We cannot agree with Appellees herein that Section 908(10) of the Planning Code, 53 P.S. §10908 (10) required the Board to give notice of its deemed decision before the appeal period commenced. Section 908(10) is only applicable where the Board has actually rendered a decision, not where the Board has defaulted in its decision-making responsibility. To adopt the construction of Section 908(10) urged by Appellees, moreover, could well negate the prophylactic function of Section 908(9) of insuring a speedy resolution of a zoning application submitted to a board. *Humble Oil and Refining Company v. Borough of East Lansdowne*, 424 Pa. 309, 227 A. 2d 664 (1967),[2] *Foltz v. Monroeville, supra.* If a neglectful or recalcitrant board refused to acknowledge that its delay resulted in a decision in favor of an applicant, as this case well illus-

---

[2] Justice MUSMANNO in *Humble Oil* aptly noted: "One of the most common traits of mankind, and this is unfortunately true in legal procedure, is that procrastination rather than celerity controls initiative, consideration, and decision. The Legislature recognized the existence of this inertia in the orderly disposition of pending governmental matters, and, accordingly, wisely provided that when a board of adjustment indolently allows 45 days to go by without a decision following a hearing, the complaining party shall have the benefit of that slothful inattention and gain the requested permit. Without this kind of coercive determination, a board could effectively prevent the erection of needed structures through the simple process of luxurious lolling while spiders of inattention spin webs of indifference over pending public problems." 424 Pa. at 313, 314, 227 A. 2d at 666.

trates, the appeal period could be indefinitely post-poned, with the attendant result that a successful applicant would be unable to rely on the finality of the board's "decision" in lawfully developing his property.

Nor is this interpretation in conflict with our decision in *Clemens v. Upper Gwynedd Township Zoning Hearing Board*, 3 Pa. Commonwealth Ct. 71, 281 A. 2d 93 (1971), cited by appellees as controlling the instant case. In *Clemens, supra,* the board conducted its last hearing on May 28, 1970, when it granted the applicant a continuance in order to prepare plans complying with the setback requirements of the applicable ordinance. The board thereafter rendered a decision on July 6, 1970, granting a special exception, but failed to give notice of its decision to the protestants who had filed their name and address with the board. The protestants filed an appeal from his decision on August 27, 1970, fifty-two days after the decision. In support of his motion to quash the appeal as untimely, the applicant in *Clemens* argued that the protestants should have filed their appeal within thirty days of the end of the forty-five day period in which the board had to render a decision. This Court held, however, that the appeal period did not begin until the board issued notice of its decision to those protestants entitled to notice. As the record failed to disclose whether the board had in fact given such notice, their appeal was timely. The obvious fact which distinguishes this case from *Clemens,* then, is that in *Clemens* the appeal was taken from the *actual* adverse decision of the board where Section 908(10) would clearly be applicable, whereas here the appeal is from the *deemed decision* of the board. As our previous discussion has indicated, the protestant appellants from a deemed decision have "notice" of the "decision" when the forty-five day period passes without action by the board, and the requirement of Section 908(10) that the board give notice of its decision are inapplicable in this situation.

In summary, we hold that the Foltz Appeal is quashed because the appellant therein failed to file his appeal in this Court within twenty days of the lower court's interlocutory order, and the order of the lower court in the Borden Appeal is reversed as the appeal to that court was untimely.