James Hackett and Mirella Hackett, his wife, Appellants *v.* Zoning Hearing Board of Hatfield Township, Appellee.

Argued March 3, 1981, before President Judge Crumlish and Judges Wilkinson, Jr., Mencer, Rogers, Blatt, Craig, MacPhail, Williams, Jr. and Palladino.

*Marc D. Jonas,* with him *Steven H. Lupin, Hamburg, Rubin, Mullin & Maxwell,* for appellants.

*James I. Garrity,* with him *Arthur Lefkoe,* and *Marc C. Davis, Wisler, Pearlstine, Talone, Craig and Garrity,* for appellee.

OPINION BY JUDGE CRAIG, April 10, 1981:

James and Mirella Hackett (objectors) have appealed an order, by the Court of Common Pleas of Montgomery County, which quashed their appeal from a decision of the Hatfield Township Zoning Hearing Board (board) on the ground that it was not timely filed.

Clifton Kulp, landowner, had applied to the board in October 1978 for a special exception to convert a three-car garage on his property into a single-family dwelling. The board expressed its approval of the special exception in a decision issued February 1, although, as noted below, if the statutory deadline for the board's decision, under the forty-five day provision of Section 908(9) of The Pennsylvania Municipalities Planning Code (MPC),[1] was not effectively extended, the date of deemed approval under that section was January 14, 1974. Objectors appealed on March 2.

The stenographer's record of the November 30, 1978 hearing before the board reveals that an agreement of record was reached between the board, the landowner's attorney, and the objectors' attorney to

---

[1] Section 908(9) of The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), provides that a zoning hearing board shall render a decision on an application within forty-five days after the last hearing before the board, and that:

> Where the Board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time.

extend the time within which the board could render a decision, from January 14, 1979 until February 1.

. . The record reads:

MR. DAVIS [board]: I have a question for each of you gentlemen while we are still on the record. We may have a problem with the holidays next month, with our forty-five days. I would appreciate if both of you gentlemen would give an extension of sixty days to get a decision out, if possible.

MR. LEFKOE [landowner's attorney]: You mean fifteen additional days?

MR. DAVIS: Yes. We normally meet the last Thursday of the month. No later than the last Thursday of January will we meet.

MR. LEFKOE: So, you are asking for the First of February, then?

MR. DAVIS: Yes.

MR. LEFKOE [landowner's attorney]: We have no objection. Obviously every day is precious, but we recognize that you have problems, too.

MR. LUPIN [objector's attorney]: We don't have any problem with that.

The court below granted the landowner's motion to quash the appeal on the basis that the agreement by counsel at the hearing was not sufficient to extend the due date of the board's decision beyond January 14, 1979 because it was not "in writing," and hence, the March 2 appeal by objectors was not filed within the statutory thirty-day period which, as *Foltz v. Zoning Hearing Board of Monroeville*, 13 Pa. Commonwealth

436

Ct. 309, 318 A.2d 410 (1974) holds, runs from the January 14, 1979 date of deemed approval.

Thus we again have the question of whether we should treat counsel's agreement of record as satisfying the Section 908(9) requirement of a writing to extend the board's deadline.

We have currently decided precisely the same question in *Borough of Brookhaven v. Zoning Hearing Board of Borough of Brookhaven*, 57 Pa. Commonwealth Ct. 211, A.2d (1981), holding that the undisputed on-the-record agreement of counsel for applicant is effective to extend the time for issuance of the board's decision.

Therefore, there was no deemed approval, and the objectors' appeal, having been filed on March 2, 1978, was filed on the twenty-ninth day after February 1, the actual decision date.

Accordingly we reverse the order granting the motion to quash and remand for consideration of the special exception.

ORDER

AND Now, April 10, 1981, the order of the Court of Common Pleas of Montgomery County at No. 79-3764 dated September 10, 1979 is reversed and this case is remanded for further proceedings in accordance with the opinion herein.

Judge WILKINSON, JR. did not participate in the decision in this case.

Judge MENCER dissents.