Wilson of Wallingford, Inc. *v.* Township of Nether Providence and Joseph Luglio, Building Inspector and Gary Cummings, Zoning Officer. Township of Nether Providence et al., Appellants.

Wilson of Wallingford, Inc. *v.* Township of Nether Providence and Joseph Luglio, Building Inspector and Gary Cummings, Zoning Officer. Geoffrey C. Shepard, Appellant.

Argued June 6, 1984, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*John W. Wellman*, with him, *Denis M. Dunn, Petrikin, Wellman, Damico, Carney & Brown,* for appellants.

*Harry F. Dunn, Jr., Dunn and Miller,* for appellee.

*Geoffrey C. Shepard,* for Amicus Curiae.

Opinion by Judge Barry, September 11, 1984:

The Township of Nether Providence, Joseph Luglio, the building inspector and Gary Cummings, the zoning officer (appellants) initiated this appeal from an order by the Court of Common Pleas of Delaware County which, by writ of mandamus, directed officials of the Township of Nether Providence (Township) to issue building permits to Wilson of Wallingford, Inc. (Wilson), appellee, for the erection of storage tanks on its property.

Wilson has used its property in the Township primarily for the storage and distribution of fuel oil. In August, 1978, Wilson applied for a special exception and/or variance and/or expansion of a non-conforming use. Eight public hearings were held before the Zoning Hearing Board (Board) of the Township. At the final hearing on April 16, 1979, Wilson, and area residents who opposed the application, were granted the opportunity to submit memoranda of law and, subsequently, both parties agreed to a one week extension for submission of briefs.

On June 29, 1979, the Board rendered a written decision, signed by only *one* member of the two member Board,[1] which denied Wilson's application. On appeal to the trial court, Wilson contended that the June 29, 1979, decision was not made within forty-five days as required by Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC).[2]

Eight months later Wilson asked the appellants to issue a building permit to erect the storage tanks and the appellants refused because the Board's decision had not been rendered in Wilson's favor. Shortly thereafter, Wilson filed a complaint in mandamus and, on July 26, 1982, the trial court directed the appellants

---

[1] The third member had disqualified himself.

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9).

to issue the permit to Wilson. Exceptions to this order were timely filed. A petition to intervene[3] was subsequently filed on behalf of George Shepard, an area resident, in September of 1982. On April 5, 1983, the trial court dismissed the exceptions as well as the petition to intervene. It reasoned that the writing submitted by the Board was not a valid decision under the Township Zoning Ordinance[4] because it was signed by only one board member. The board, therefore, failed to render a decision within forty-five days as required by Section 908(9) of the MPC which *deemed* the decision approved in favor of Wilson.

Our scope of review in a mandamus action is to determine whether the trial court abused its discretion or committed an error of law and whether sufficient evidence supports its findings. *Charley v. Felzer*, 59 Pa. Commonwealth Ct. 150, 428 A.2d 1052 (1981). We must resolve three issues: 1) Did appellant Shepard have a right to intervene? 2) Is mandamus an appropriate remedy? 3) Was the grant of deemed approval to Wilson by the trial court proper?

1209 C. D. 1983

We believe Mr. Shepard should be permitted to intervene under Rule 2327 and 2329 of the Pa. R.C.P.[5]

---

[3] The petition to intervene filed by Mr. Shepard was consolidated for argument with the mandamus action but captioned separately.

[4] Article V of the Township Zoning Ordinance requires that a "written decision shall be signed by each member of the Board concurring therein."

[5] The Pa. R.C.P. No. 2327 provides:

At any time during the *pendency* of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

Mr. Shepard had petitioned during the *pendency* of the action and had done so without undue delay or prejudice to the trial. Most importantly, by permitting Mr. Shepard to intervene, we obviate any contention that his interests are not adequately represented.[6]

1087 C. D. 1983

Significant to disposition of this appeal is Section 908(9) of the MPC which provides, in pertinent part, that, "[t]he board or the hearing officer, as the case

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of any officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action. (Emphasis added.)

Rule 2329 of the Pa. R.C.P. provides:

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

[6] The record does not include an opinion with the order of the trial court which denied Mr. Shepard's petition to intervene and, therefore, we are unable to determine whether the trial court abused its discretion or erred at law. We find it more appropriate with regard to the circumstances and result of this case to permit Mr. Shepard to intervene because of the possibility of further appeals in this matter.

may be, shall render a written decision or, when no decision is called for, make written findings on the application *within forty-five days after the last hearing* before the board or hearing officer." (Emphasis added.) 53 P.S. §10908(9). A purported written decision was rendered on June 29, 1979, seventy-four days after the last hearing before the Board and, because the appellants failed to comply with Section 908-(9) of the MPC, the decision was deemed approved. Appellants, however, argue that, under the Township ordinance, if deemed approval indeed occurred, Wilson had no right to a remedy in mandamus because it failed to apply for a building permit within six months from the date of approval or, in this case, deemed approval. We believe this assertion is correct.

Section 1205 of the Township Zoning Ordinance provides that, "a special exception or variance shall expire if the applicant does not apply for a building permit within six (6) months from the date of authorization thereof." Deemed approval occurred forty-five days after the last hearing or on June 1, 1979, the forty-sixth day. Under the Zoning Ordinance, Wilson had six months from this date to apply for a building permit. Since it did not apply until at least eight months later, the special exception or variance obtained by deemed approval expired.

We have held that, under Section 908(9) of the MPC, where a zoning board failed to render a decision on an application for building permits within forty-five days of the last hearing, a conclusive presumption arises that the decision is in favor of the applicant which entitled him to building permits. *Foltz Jr. v. Monroeville (Foltz I)*, 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972). In our view, Wilson had constructive notice on June 1, 1979, that the decision was deemed approved in his favor and, therefore, he had

six months from this date to comply with Section 1205 of the Township Zoning Ordinance. In *Foltz v. Zoning Hearing Board of the Borough of Monroeville (Foltz II)*, 13 Pa. Commonwealth Ct. 309, 318 A.2d 410 (1974), we determined that when a forty-five day period ends without a decision by a zoning board on a zoning application the participants are put on notice that a decision is deemed to be rendered. We concluded, moreover, that if an appeal was taken to this Court from a decision deemed approved, the appeal period begins on the date when the decision was deemed rendered. Similarly, Wilson had six months from the date when the decision was deemed approved to apply for building permits but failed to do so.

It is irrelevant for Wilson to argue that the Board's decision was not a valid decision or that it had no knowledge of the position of the Board member who did not sign the decision until after the six month period had elapsed. Wilson participated in the Board hearings and should have known, therefore, when expiration of the forty-five days had triggered a deemed decision. *Foltz II.*

To be entitled to a mandamus remedy, Wilson had to demonstrate that it had a clear legal right to a remedy, the appellants had a duty that was ministerial in nature and that there was no other appropriate and adequate remedy. *Valley Forge Racing Association v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972). Wilson does not meet these standards because authorization for the building permit did not exist when Wilson applied for it. Wilson, therefore, did not have a right to the permit and appellants had no corresponding duty.

The trial court erred by granting the permits to Wilson and, therefore, for the reasons set forth above, we reverse.

ORDER

Now, September 11, 1984 the order of the Court of Common Pleas of Delaware County, dated April 5, 1983, at No. 80-9729, No. 1209 C. D. 1983, which denied appellant leave to intervene, is reversed and No. 1087 C. D. 1983, which granted Wilson building permits, is reversed.