550 A.2d 1382

John A. Fulmer, Sr. *v.* John J. Visneski, Wilson Borough Code Administrator and License Officer, and Wilson Borough Zoning Hearing Board and Darl Smith, et al. Darl Smith, et al., Appellants.

Argued November 4, 1988, before Judges BARRY and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Thomas L. Walters, Coffin, Lewis and Walters,* for appellants.

*Gene F. Roscioli,* for appellee.

OPINION BY JUDGE COLINS, December 8, 1988:

Darl Smith et al.[1] (appellants) appeal from an order of the Court of Common Pleas of Northampton County denying appellants' Petition to Intervene in a mandamus action. This mandamus action was initiated by John Fulmer, Sr. (Fulmer), wherein he requested that the trial court order the Zoning Officer of the Borough of Wilson (Borough) to issue to him a Certificate of Occupancy for a parcel of land within the Borough.

The Zoning Officer denied Fulmer's request for permission to establish a used car lot and sales facility on premises in the Borough. Fulmer appealed to the Zoning Hearing Board (Board) which held a public meeting on the matter on December 19, 1986, where by a vote of one to one Fulmer's request for a variance was denied. On the same night, Fulmer was provided with a written decision which contained findings of fact and conclusions of law and referred to the vote by the Board as a two to one vote, denying his request. Apparently, the written decision was prepared prior to the actual meeting and one of the three members of the Board was not present to vote at the meeting. Fulmer was never provided with a written decision reflecting the actual tie vote taken at the meeting.

Fulmer filed with the trial court, a complaint in mandamus against the Zoning Officer, requesting that he be ordered to issue a Certificate of Occupancy to Fulmer.[2] Fulmer thereafter filed an amended complaint

---

[1] Appellants, adjoining landowners who opposed the grant of a Certificate of Occupancy, are: Darl Smith, Florence Beck, Richard F. Mutchler, Martha Wolfinger, Vincent C. Gier, Marie E. Claus, Ernie L. Baltz, Susan Vought.

[2] Fulmer also filed a zoning appeal with the trial court. Appellants filed a written petition to intervene in the matter, such petition being granted by the trial court.

in mandamus on February 27, 1987, and a conference was held before the trial court on March 4, 1987. Appellants' counsel was present at the conference and appellants filed an answer and request for admissions in response to Fulmer's amended complaint. On March 17, 1987, the trial court entered peremptory judgment in mandamus, directing that the Zoning Officer issue a Certificate of Occupancy to Fulmer. The trial court held that the Zoning Officer failed to supply Fulmer with written notice, within forty-five days, of the Board's denial of the Certificate of Occupancy on the basis of the tie vote taken at the meeting of December 19, 1986. Fulmer moved to strike appellants' pleading in the mandamus action, citing appellants' failure to file a written intervention petition. In response thereto, the trial court issued an order on March 20, 1987, stating:

> AND NOW, to wit, this 20th day of March, 1987, there appearing to be some question as to the standing of Daryl Smith, et al, and *in order to clarify their standing, this Court considers them as proper Intervenors, acknowledges the filing of an Answer, which was considered in the issuance of the mandamus Order of this Court,* and the Order of this Court directing mandamus shall continue in force and all parties to follow whatever remedies they deem proper.

(Emphasis added.)

On April 15, 1987, appellants submitted to the trial court a rule to show cause why peremptory judgment should not be opened. Fulmer filed preliminary objections to this Petition to Open, once again arguing that appellants had not petitioned to intervene. On June 30, 1987, the trial court entered another order, therein concluding that the order of March 20, 1987, was "advisory" only and did not relieve appellants of the obligation to file a written intervention petition. On July 8,

1987, the trial court granted to appellants a rule to show cause why they should not be allowed to intervene. Fulmer filed preliminary objections to this intervention petition and the case was argued on September 1, 1987. On March 10, 1988, the trial judge entered an opinion and order dismissing appellants' request for intervention, finding that because no party had *appealed* from the entry of peremptory judgment, the matter was no longer pending. Appellants timely appealed to this Court.

Appellants present two issues for our review: (1) whether the trial court abused its discretion or committed an error of law in denying the petition for intervention filed by the appellants, neighboring property owners;[3] and, (2) should the trial court's entry of peremptory judgment in mandamus be vacated and the Certificate of Occupancy be revoked.[4]

The trial court reasoned that appellants' intervention was not permissible because the action was final upon the entry of peremptory judgment. An order granting a motion for peremptory judgment is interlocutory and not appealable, as Pa. R.C.P. No. 1098 requires a party to proceed in the trial court by way of filing a petition for the opening of judgment before an appeal may be taken. *See Flaherty v. City of Pittsburgh*, 100 Pa. Commonwealth Ct. 508, 515 A.2d 91 (1986). A petition to open judgment, filed by the Borough on June 16, 1987, remains to be ruled upon by the trial court. Clearly, the matter is still pending. Therefore, the trial court's denial

---

[3] Our scope of review in a mandamus action is to determine whether the trial court abused its discretion or committed an error of law. *Wilson of Wallingford, Inc. v. Township of Nether Providence*, 85 Pa. Commonwealth Ct. 104, 481 A.2d 692 (1984).

[4] We fail to address this issue, as it is not within our scope of review.

of appellants' petition to intervene on the basis that this action is concluded was erroneous.

Appellants submit that the order of the trial court dated March 20, 1987, acknowledged their proper intervention.[5] We agree and acknowledge that appellants have been part of the proceedings throughout both the zoning appeal as well as this mandamus action. We cannot conclude that the trial court's order of March 20, 1987, was simply "advisory". In that order, the trial court acknowledged that it considered appellants' answer in rendering peremptory judgment. Therefore, appellants were afforded intervenor status by the trial court prior to the entry of peremptory judgment,[6] and, thus, properly filed a petition to open judgment. Fulmer's preliminary objections to appellants' petition to open should not have been sustained on the basis that appellants had not properly intervened.

We hold that the trial court committed an error of law in denying and dismissing appellants' petition to intervene on the basis that this action is final. We also note the trial court's error in sustaining Fulmer's preliminary objections to appellants' petition to open judgment. Accordingly, we reverse the order of the trial court and permit appellants' intervention in this matter.

---

[5] By way of further averment, appellants claim that their answer and request for admissions substantially complied with the requirements of a petition to intervene set forth in Pa. R.C.P. No. 2328. We cannot agree with this final contention and in no way encourage persons wishing to intervene in an action to do so by way of filing an answer, instead of a written petition to intervene with the trial court. On the contrary, a written petition should be filed so that the trial court may hold a hearing on the matter and make a proper disposition of the petition.

[6] Fulmer makes much of the fact that appellants did not follow the usual procedure of filing a written petition to intervene. However, Fulmer was in no way prejudiced by the failure of appellants to do so.

The trial court must now consider both appellants' and the Borough's petitions to open peremptory judgment.

ORDER

AND NOW, this 8th day of December, 1988, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is reversed. This matter is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.