566 A.2d 1285

**Lee STANBRO and Stanley Green t/a Superior Refuse Disposal Services, Clair F. Davis and Elsie Davis, National Waste Disposal, Inc.**

v.

**ZONING HEARING BOARD OF CRANBERRY TOWNSHIP.**

**Appeal of CRANBERRY TOWNSHIP CONCERNED CITIZENS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1989.

Decided Dec. 7, 1989.

F. Walter Bloom, III, Rosen, Rosen & Bloom, Oil City, for appellant.

Joseph E. Altomare, Altomare & Barnhart, Titusville, for appellees.

Before BARRY and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Cranberry Township Concerned Citizens (Appellant) appeals from an order of the Court of Common Pleas of Venango County (trial court) reversing a decision of the Zoning Hearing Board of Cranberry Township (Board) and ordering that a conditional use permit be issued. Also before us is a motion to quash filed by Lee Stanbro and Stanley Green t/a Superior Refuse Disposal Service, Clair F. Davis, Elsie Davis, and National Waste Disposal, Inc. (Landowners).

Landowners own all legal and equitable interest in a parcel of land containing a sanitary landfill in an A–1 zoning district. Landowners filed an application to expand the landfill, challenging the validity of Cranberry Township's Ordinance No. 173 of 1987 (Ordinance)[1] or, in the alternative, a permit to expand a non-conforming use.[2] The

1. The Ordinance is composed of five subsections which regulate sanitary landfills.

2. Prior to the passage of Ordinance No. 173, sanitary landfills were permitted in A–1 zoning districts upon the condition that the applicant

Board found that two of the five subsections in the Ordinance, subsections B and C, were invalid but upheld the validity of subsections A, D, and E. The Board also denied Landowners' application to expand a non-conforming use. Landowners appealed to the trial court. The trial court, without taking additional evidence, found that subsections A, D, and E were invalid and ordered a conditional use permit be issued subject to subsequent application and licensure by the Department of Environmental Resources.

Appellant alone appealed the trial court's decision to this court.[3] Subsequently, Landowners filed a motion to quash because (1) Appellant was not a party before the trial court and therefore did not have standing to appeal and (2) Appellant is not a sui juris entity entitled to become a party. We granted Landowners' motion but subsequently vacated the order and scheduled argument simultaneously with argument on the merits. We will address the motion to quash first.

Pa. R.A.P. 501 (Rule 501) provides:

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

Although the term "party" is not defined within Rule 501, we have recognized that objecting citizens, who are entitled to become parties at the trial court level, must intervene to become parties in order to have a right to appeal to this court. *Gilchrist v. Zoning Hearing Board of Old Forge Borough*, 83 Pa.Commonwealth Ct. 27, 475 A.2d 1366 (1984).

comply with the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101–6018.1003. *See* Sections 71–10(A)(1)(c)(3), 71–27, and 71–49 of the Cranberry Township Code.

**3.** Our scope of review where the trial court has not taken additional evidence is limited to a determination of whether the zoning hearing board has committed a manifest abuse of discretion or an error of law. *Kassouf v. Zoning Hearing Board of Scott Township*, 112 Pa. Commonwealth Ct. 182, 535 A.2d 261 (1987).

■ The right to intervene at the trial court level in this zoning appeal is governed by § 1009 of the Municipal Planning Code, Act of June 1, 1972, P.L. 333, *as amended*, 53 P.S. § 11009.[4] That section provided:

> Within the thirty days following the filing of a zoning appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same upon each appellant or each appellant's counsel of record. *All other intervention shall be governed by the Rules of Civil Procedure.* (Emphasis added.)

The rules of civil procedure which apply to interventions are set forth at Pa.R.C.P. Nos. 2326–2350. One wishing to intervene is required to file a petition to intervene, "setting forth the ground on which intervention is sought and a statement of relief or defense which the petitioner desires to demand or assert." Pa.R.C.P. No. 2328. The trial court then must hold a hearing to determine whether the petition to intervene should be granted. Pa.R.C.P. No. 2329. Whether or not to grant a petition is within the discretion of the trial court. *Acorn Development Corporation v. Zoning Hearing Board of Upper Merion Township*, 105 Pa. Commonwealth Ct. 138, 523 A.2d 436 (1987).

■ Although Appellant was represented before the Board and participated at the trial court level by filing a brief and participating in oral argument, it failed to petition to intervene. Nor did Appellant indicate that it intended or was attempting to intervene. Participation at the trial court level without intervening is insufficient to be accorded standing to appeal. *See Dethlefson Appeal*, 434 Pa. 431, 254 A.2d 6 (1969) (participation as a witness at the trial court level is not sufficient to establish a right to review); *Flaherty Appeal*, 69 Pa.Commonwealth Ct. 292, 450 A.2d

---

**4.** This section, which was applicable at the time of the trial, has been repealed by § 100 of the Act of December 21, 1988, P.L. 1329. A similar provision is now found at 53 P.S. § 11004–A.

802 (1982) (one who appears as an amicus curiae before the trial court is not a party and does not have standing to appeal).

Appellant argues that this case is controlled by *Fulmer v. Visneski*, 121 Pa.Commonwealth Ct. 555, 550 A.2d 1382 (1988). Appellant relies on *Visneski* for the proposition that failure to petition the court to intervene is not fatal to an appeal to this court as long as the trial court permitted Appellant to intervene. Appellant argues that, just as in *Visneski*, the trial court in this case permitted Appellant to intervene by allowing it to participate as a party at the trial court level. We disagree.

In *Visneski*, Fulmer filed a mandamus action with the trial court seeking to compel a zoning officer to issue a certificate of occupancy. In a separate but related action, Fulmer appealed a decision of a zoning board denying his request for a variance to establish a used car lot. The appellants, who were adjacent landowners, filed a petition to intervene in the zoning appeal but did not initially file one in the mandamus action. Instead, the appellants filed an answer in the mandamus action. On appeal of the mandamus action, we concluded that an order filed by the trial court which acknowledged the appellants as proper intervenors was valid and not an advisory opinion even though no petition to intervene had been filed.

We noted in footnote five, however, that a written petition to intervene should be filed with the trial court so that the trial court can properly dispose of the matter. *Visneski*, 121 Pa.Commonwealth Ct. at 560, 550 A.2d at 1384–5. Unlike *Visneski*, the trial court in the present case was not asked to rule on Appellant's right to intervene nor did it make such a ruling. Because Appellant was not adjudged an intervenor by the trial court, it was not a party to those proceedings and does not have standing to appeal.

An argument might be made that strict conformity with the rules of civil procedure has not been required in prior cases. *Visneski; Marx Tax Assessment Case*, 31 Pa.Commonwealth Ct. 496, 377 A.2d 199 (1977) (trial court did not

abuse its discretion by permitting intervention upon oral motion). However, we note that in the cases relied on to support this argument, the failure to comply with the rules did not prejudice the other party. In the instant case, Appellant did not file a petition for leave to intervene, and did not indicate its desire to intervene at the trial court level. Therefore, Landowners never had an opportunity to object. In fact, there is no indication in the record with respect to whom or what Appellant is or what interest Appellant has in this matter.

Accordingly, because Appellant failed to intervene and become a party in this matter, we will grant Landowners' motion to quash.

## ORDER

And now, December 7, 1989, the motion of Lee Stanbro and Stanley Green t/a Superior Refuse Disposal Services, Clair F. Davis, Elsie Davis, and National Waste Disposal, Inc., to quash in the above-captioned matter is granted.