# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Reliance Hose Company : <br>
No. 2 of Glassport, a Pennsylvania : <br>
Non-Profit Corporation : <br>
: <br>
Appeal of:  Citizen's Hose Company :   No. 1260 C.D. 2015 <br>
No. 1 of Glassport :   Argued:  April 12, 2016


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge <br>
               HONORABLE ANNE E. COVEY, Judge <br>
               HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION** <br>
**BY JUDGE BROBSON**                **FILED:  May 13, 2016**


Citizen's Hose Company No. 1 of Glassport (Citizen's) appeals from an order of the Court of Common Pleas of Allegheny County, Orphans' Court Division (trial court), which granted the petition for voluntary dissolution of a non-profit corporation filed by Reliance Hose Company No. 2 of Glassport (Reliance).  The trial court further ordered that Reliance's remaining funds be disbursed to the Salvation Army, Glassport Police Department, and Clairton Volunteer Fire Department & Relief Association.  Reliance has filed an application to quash Citizen's appeal for lack of standing.  We now grant Reliance's application to quash Citizen's appeal.

On May 5, 2014, Reliance, a volunteer fire department that had served the Borough of Glassport (Borough) for over one-hundred years, filed a petition for voluntary dissolution of a non-profit corporation with the trial court.  Reliance averred that it was no longer able to provide firefighting services due to the loss of

local fire tax revenue in 2008. (Reproduced Record (R.R.) at 41a-42a.) Reliance sold its firefighting equipment and real property, and it sought to disburse the proceeds from these sales to various non-profit organizations, including the Salvation Army, Glassport Police Department, and Clairton Volunteer Fire Department & Relief Association. (*Id.* at 42a-43a.) Reliance notified the Borough and the Office of Attorney General[1] of the pending petition, and the trial court conducted a hearing.

During the hearing before the trial court, Reliance offered the testimony of John Bender, a member of Reliance. Mr. Bender testified that Reliance's members wanted Reliance's remaining funds to be distributed to the Salvation Army, Glassport Police Department, and Clairton Volunteer Fire Department & Relief Association.[2] (*Id.* at 22a-23a.) The Office of Attorney General explained that although it had no objection to the dissolution of Reliance, it took issue with the disbursement of Reliance's remaining assets to non-firefighting entities. (*Id.* at 3a.) Rather, the Office of Attorney General argued that the assets should be distributed solely to Citizen's as the only firefighting company continuing to serve the Borough after the dissolution of Reliance.

---

[1] Neither the Borough nor the Office of Attorney General has participated in the instant matter. As a result of the failure to file timely briefs, by order dated March 7, 2016, this Court precluded the Borough and the Office of Attorney General from filing briefs or participating in oral argument.

[2] Throughout his testimony, Mr. Bender referred to "Clairton Ambulance Service" as one of the entities to which the members of Reliance wished to distribute Reliance's remaining assets. (R.R. at 23a.) It appears that the Clairton Ambulance Service is associated with the Clairton Volunteer Fire Department & Relief Association, and the trial court's order specifies that the funds distributed to the Clairton Volunteer Fire Department & Relief Association are "for use in providing ambulance services in the Borough." (*Id.* at 4a, 128a.)

(*Id.* at 5a.) In support of this position, the Office of Attorney General presented the testimony of Citizen's counsel, D. Scott Lautner, Esquire. Mr. Lautner noted that he had entered his appearance "in case we had to intervene in this matter." (*Id.* at 25a.) Mr. Lautner testified that Citizen's was interested in receiving Reliance's remaining assets, and that the assets would be used only for firefighting purposes. (*Id.* at 27a.)

By order dated November 24, 2014, the trial court granted Reliance's petition for voluntary dissolution of a non-profit corporation. In so doing, the trial court disbursed Reliance's remaining funds to the Salvation Army, Glassport Police Department, and Clairton Volunteer Fire Department & Relief Association. The Office of Attorney General filed exceptions to the trial court's order, arguing that the trial court "erred in failing to award the remaining funds to the firefighting company that presently serves the locale previously served by . . . [Reliance], in contravention of the doctrine of *cy pres*." (*Id.* at 131a.) The trial court dismissed the Office of Attorney General's exceptions, and the Office of Attorney General did not file a notice of appeal. Citizen's, however, did file a notice of appeal, and by order dated February 24, 2015, the trial court ordered Citizen's to file a concise statement of errors complained of on appeal. Like the Office of Attorney General, Citizen's argued that the trial court's distribution order violated the doctrine of *cy pres*, and that Citizen's alone was entitled to Reliance's remaining assets. The trial court issued an opinion, in which it explained that Citizen's does not have standing to appeal, as it "is not a party to this matter and has not filed a request to intervene in this matter." (Trial Ct. Op. at 2.) The trial court further explained that although Citizen's "sought a share of the funds in the accounts, such a request does not give the entity standing in the action." (*Id.*) As to Citizen's argument

3

concerning *cy pres*, the trial court explained that it was appropriate to disburse Reliance's remaining funds to the Salvation Army, Glassport Police Department, and Clairton Volunteer Fire Department & Relief Association, because "it was the stated desire of the remaining members to contribute the funds to these three charities, and these charities served the purposes of Reliance . . . and the citizens of the surrounding community." (*Id.* at 2-3.)

On appeal,[3] Citizen's argues that the trial court erred in its application of the doctrine of *cy pres*, because Citizen's, as the entity most closely resembling Reliance, was entitled to Reliance's remaining funds. Reliance has filed an application to quash Citizen's appeal,[4] in which it argues that Citizen's lacks standing to appeal as it was not a named party nor did it seek to intervene in the matter before the trial court.

Initially, we note that Section 5976(b) of the Nonprofit Corporation Law of 1988 (Law), 15 Pa. C.S. § 5976(b), requires that when a nonprofit corporation seeking voluntary dissolution has assets that include "any property committed to charitable purposes," the corporation must apply for a court order pursuant to Section 5547(b) of the Law, 15 Pa. C.S. § 5547(b). Section 5547(b) of the Law provides:

> Property committed to charitable purposes shall not . . .
> be diverted from the objects to which it was donated,

---

[3] "This Court's standard of review is limited to considering whether the trial court, sitting as a chancellor in equity, committed an error of law or abused its discretion." *Williams Twp. Bd. of Supervisors v. Williams Twp. Emergency Co., Inc.*, 986 A.2d 914, 920 n.4 (Pa. Cmwlth. 2009).

[4] By order dated January 26, 2016, this Court directed that Reliance's application to quash be listed with the merits of Citizen's appeal.

4

granted or devised, unless and until the board of directors or other body obtains from the court an order under 20 Pa. C.S. Ch. 77 (relating to trusts) specifying the disposition of the property.

Section 7740.3(e) of the Uniform Trust Act (Act), 20 Pa. C.S. § 7740.3(e), provides that a trust may be judicially terminated and the assets awarded to the charitable organizations identified in the trust instrument or, alternatively, to charitable organizations selected by the court. "[I]f a particular charitable purpose becomes unlawful, impracticable or wasteful . . . the court shall apply cy pres to fulfill as nearly as possible the settlor's charitable intention." Section 7740.3(a)(3) of the Act.

We first address Reliance's application to quash Citizen's appeal. In its application, Reliance contends that Citizen's participation in the matter before the trial court was limited to filing a praecipe for entry of appearance, testifying as a witness, and participating in "at least one, and perhaps two, off the record conferences with the trial court." (Reliance's App. to Quash at 2.) Citizen's failed to file a petition to intervene in this matter.[5] Reliance contends that Citizen's cannot appeal the trial court's order, because it was not a party nor was it granted leave to intervene. In response, Citizen's argues that it is aggrieved by the trial court's order, because Citizen's, as the entity most resembling Reliance, was not awarded Reliance's remaining assets pursuant to the doctrine of *cy pres*.

---

[5] Reliance, in its application to quash, states that Citizen's may have delivered a petition to intervene to the trial court, but that no such petition appears in the record, nor does it appear that the trial court ruled on the petition. We note that neither in its answer to the application to quash nor in its brief to this Court does Citizen's contend that it delivered a petition to intervene to the trial court. Similarly, the trial court observes that no such petition was filed with the trial court.

The Pennsylvania Rules of Appellate Procedure provide that "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa. R.A.P. 501. The term "party" is defined in the Judicial Code as "[a] person who commences or against whom relief is sought in a matter. The term includes counsel for such a person who is represented by counsel." 42 Pa. C.S. § 102. Our Supreme Court has held that "[t]here is but one way to become a party litigant in a court and that is by appearing in the proceedings." *Appeal of Greco*, 254 A.2d 6, 7 (Pa. 1969). If a person is not named as a party to the original action, he or she may be permitted to intervene in the matter. Pa. R.C.P. No. 2327. To do so, however, the person seeking intervention must file a petition to intervene, which sets "forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert." Pa. R.C.P. No. 2328. "Participation at the trial court level without intervening is insufficient to be accorded standing to appeal." *Stanbro v. Zoning Hearing Bd. of Cranberry Twp.*, 566 A.2d 1285, 1287 (Pa. Cmwlth. 1989), *appeal denied*, 584 A.2d 325 (Pa. 1990); *see also In re Barnes Found.*, 871 A.2d 792, 794 (Pa. 2005) ("Since [the appellant] was unsuccessful in his effort to intervene in the orphans' court proceedings, he had no greater rights than would be available to any other non-party, and therefore, [the appellant] lacked the ability to implicate the appellate process with respect to the court's final decree.").

Here, Citizen's contends that the trial court "was aware of [Citizen]'s participation in the matter both through the [Office of Attorney General]'s objections to proposed distribution and through [Citizen]'s counsel's presence and testimony." (Citizen's Reply to App. to Quash at 3.) There is no evidence of

6

record, however, that Citizen's was identified as a party to the underlying matter. Rather, Reliance served only the Borough and the Office of Attorney General with its petition for voluntary dissolution of a non-profit corporation. (R.R. at 40a, 119a.) Both of these entities participated through counsel at the hearing before the trial court. Although Citizen's counsel was present during the hearing, his participation was limited to providing testimony on behalf of the Office of Attorney General. (*Id.* at 25a.) Before the trial court, the Office of Attorney General, rather than Citizen's, advocated for the distribution of Reliance's remaining funds to Citizen's. Further, there is no indication that Citizen's filed a petition to intervene or that the trial court ruled on any such petition, even though Citizen's counsel was aware that intervention may be necessary. (*Id.* at 25a, 37a-38a.) Citizen's counsel's participation in conferences with the trial court, testimony as a witness, and entry of appearance is insufficient to afford Citizen's standing to appeal. Because Citizen's was not a party to the underlying matter, nor did it seek to intervene in the matter, Citizen's does not have standing to appeal the trial court's order.

Citizen's also argues that although it was not a named party and did not intervene, it has standing to appeal the trial court's order because Citizen's, as the entity which most resembles Reliance, is aggrieved by the trial court's failure to award it Reliance's remaining assets pursuant to the doctrine of *cy pres*. Reliance counters that Citizen's is not so aggrieved, because "Citizen's desire to receive the funds as a potential recipient does not create an actual direct or immediate adverse [e]ffect on Citizen's." (Reliance's Br. at 18.)

"In order to be aggrieved, a party must have a substantial interest in the subject matter of the litigation, the interest must be direct, and the interest must

7

be immediate." *Energy Conservation Council of Pa. v. Pub. Util. Comm'n*, 995 A.2d 465, 475-76 (Pa. Cmwlth. 2010). "A litigant possesses a substantial interest if there is a discernable adverse effect to an interest other than that of the general citizenry." *In re Milton Hershey Sch.*, 911 A.2d 1258, 1262 (Pa. 2006). In *In re Nevil's Estate*, 199 A.2d 419 (Pa. 1964), the Supreme Court of Pennsylvania considered a similar appeal concerning a charitable organization which sought to obtain a grant from the income of a charitable trust. In concluding that the charitable organization did not have standing, the Supreme Court cited an opinion of the Supreme Judicial Court of Massachusetts regarding the same issue:

> In [*Bolster v. Attorney General*, 28 N.E.2d 475, 476 (Mass. 1940)], the Court, speaking of a party who sought to appeal from a decree in a charitable trust proceeding, said: "Simmons College was under no duty or responsibility as to the disposition of the fund. . . . As an institution that hoped to be the beneficiary or active agency of the application of the cy pres doctrine, Simmons College had no legally recognized private interest in the disposition of the fund. It had no interest different in kind from that of the public generally, which is represented exclusively by the Attorney General."

*In re Nevil's Estate*, 199 A.2d at 422-23.

Citizen's has not demonstrated that it has an interest other than that of the general public so as to afford it standing to appeal the trial court's order in this matter. Rather, Citizen's simply seeks to benefit from the trial court's disbursement of the dissolved organization's funds. As the Supreme Court explained in *In re Nevil's Estate*, such an interest is properly represented by the Office of Attorney General. Here, the Office of Attorney General represented Citizen's interests during the proceedings before the trial court. After the trial court issued its order concerning the dissolution petition, the Office of Attorney General filed exceptions. The trial court dismissed the exceptions, and the Office

8

of Attorney General did not appeal. The Office of Attorney General's failure to appeal the trial court's order does not afford Citizen's standing to appeal in the Office of Attorney General's place.[6] Citizen's does not have a substantial interest

---

[6] We note that there are certain situations in which a non-party may intervene after the entry of a common pleas court decree. *See, e.g.*, *Ackerman v. Twp. of N. Huntingdon*, 228 A.2d 667 (Pa. 1967). In *Ackerman*, a land developer (Ackerman) brought an action, in which he sought to be declared the sole owner of certain sewer lines and to enjoin the Township of North Huntingdon (Township) and two other developers from using the sewer lines. The Township filed an answer to the action, claiming that it had right and title to the sewer lines. The common pleas court filed a decree nisi, in which it dismissed the Township's claim to the sewer lines and "held that no connection or tap could be made in the . . . sewer lines except with Ackerman's approval and consent." *Ackerman*, 288 A.2d at 668. The Township did not file exceptions to the common pleas court's decree, but the adjoining property owners (Bielskis), who did not participate in the proceedings before the court, filed a petition to intervene in the matter. The common pleas court denied the petition, holding that the Bielskis' petition was barred by the doctrine of laches. The Pennsylvania Supreme Court reversed the common pleas court's denial of the petition to intervene, explaining that the Bielskis had an "interest in the subject matter of the controversy which justifies their intervention." *Id.* Specifically, the Bielskis were parties to a tentative agreement with a land developer who sought to build 200 homes on their property. The agreement was cancelled when the Bielskis were unable to obtain a permit from Ackerman to use the sewer lines at issue, as there was no other means of providing sewer service for the prospective homes. The Supreme Court explained that during the proceedings before the common pleas court, the Bielskis "as resident property owners had the right to assume that their interests would be protected by the Township in the litigation." *Id.* Because the Township failed to file exceptions to the common pleas court's decree, however, "it became imperative for the [Bielskis] to intervene to protect their interests." *Id.* The Supreme Court noted that the Bielskis acted promptly by filing the petition to intervene within the twenty-day period for the filing of exceptions, and, therefore, the common pleas court erred in denying their petition.

Here, unlike the Township in *Ackerman*, the Office of Attorney General filed exceptions to the trial court's order. It was not, therefore, imperative for Citizen's to intervene in order to protect its interests. In fact, as noted above, Citizen's at no point sought to intervene in this matter. Rather, Citizen's seeks to assume the role of the Office of Attorney General by appealing the trial court's order in its place. The role of the Office of Attorney General in matters concerning the disposition of charitable funds, however, is to protect the interests of the public, and this role is exclusive to the Office of Attorney General. *See In re Nevil's Estate*, 199 A.2d at 423. Citizen's appeal does not make it a party to the instant matter in the absence of any attempt to intervene in the proceedings. Further, as the Supreme Court noted, there was no

**(Footnote continued on next page…)**

in this matter and, therefore, is not aggrieved by the trial court's order. Because Citizen's is not a party aggrieved by the trial court's order, it does not have standing to appeal.

Accordingly, because Citizen's does not have standing to appeal the trial court's order, we grant Reliance's application to quash Citizen's appeal.[7]

_____
P. KEVIN BROBSON, Judge

_____
**(continued…)**

question that the petitioners in *Ackerman* had an interest in the matter which justified their intervention. As explained above, Citizen's interest here is no different from that of the general public and, consequently, does not afford Citizen's the standing to appeal the trial court's order. The instant matter is thus distinguishable from *Ackerman*.

[7] Because we grant Reliance's application to quash Citizen's appeal, we need not address the merits of Citizen's appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Reliance Hose Company     :
No. 2 of Glassport, a Pennsylvania     :
Non-Profit Corporation     :
    :
Appeal of: Citizen's Hose Company     :     No. 1260 C.D. 2015
No. 1 of Glassport     :

# **O R D E R**

AND NOW, this 13th day of May, 2016, Reliance Hose Company No. 2 of Glassport's application to quash the appeal of Citizen's Hose Company No. 1 of Glassport is hereby GRANTED, and Citizen's Hose Company No. 1 of Glassport's appeal from the order of the Court of Common Pleas of Allegheny County is hereby QUASHED.

_____
P. KEVIN BROBSON, Judge