Michael A. AINSWORTH, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 31, 2001.
Decided Sept. 25, 2002.

Leonard M. Mellon, Easton, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before COLINS, President Judge, LEADBETTER, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY JUDGE LEADBETTER.

Michael A. Ainsworth (appellant) appeals from the order entered by the Court of Common Pleas of Northampton County that denied his appeal from the cancellation of his Pennsylvania driver's license by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT). For the reasons stated herein, we vacate common pleas' April 23, 2001, order and we reinstate its April 27, 2000, order.

Appellant moved from New Jersey to Pennsylvania in 1995. He surrendered his New Jersey driver's license, and obtained a Pennsylvania driver's license in January 1998. On April 12, 1999, appellant was convicted of ·driving while intoxicated (DWI) in New Jersey. The April 12, 1999 conviction was appellant's third DWI offense in New Jersey, which triggered a 10 year suspension of operating privileges pursuant to New Jersey's habitual offender statute.

By official notice dated and mailed November 3, 1999, DOT notified appellant that it was canceling his current driver's license, effective December 8, 1999, and denying his right to apply for a renewal of his driver's license pursuant to Section 1572 of the Pennsylvania Vehicle Code, 75 Pa.C.S. § 1572,[1] due to information received from New Jersey, indicating that his driving privileges were suspended in

---

1. Section 1572 provides in pertinent part:

    (1) § 1572. Cancellation of driver's license

    (b) Other states.—The department shall cancel a driver's license issued to an individual who has applied for a Pennsylvania driver's license after the commission of an offense in another state which later resulted in suspension, revocation or disqualification in the other state if the offense would have resulted in the suspension, revocation or disqualification under this title or where the offense was substantially similar to offenses which in this State would have caused a suspension, revocation or disqualification.

that state. The notice informed appellant that he would not be able to apply for a driver's license in Pennsylvania until sufficient proof of restoration of his driving privileges was received from New Jersey.

On November 18, 1999, appellant filed an appeal from the cancellation of his license with common pleas. From the briefs, it also appears that, in this appeal, appellant raised an issue of whether he was required to pay an insurance surcharge to New Jersey due to his DWI. The surcharge issue was resolved in appellant's favor, and outside of court, when appellant was able to demonstrate to New Jersey authorities that he was no longer a New Jersey resident.

While appellant's appeal from the cancellation of his license was pending before common pleas, New Jersey reported appellant's April 12, 1999, conviction to DOT pursuant to Article III of the Driver's License Compact, 75 Pa.C.S. § 1581.[2] Acting upon this information, on January 19, 2000, DOT sent a second notice to appellant, which stated that, as a result of the Department's receiving notification from New Jersey of his April 12, 1999, conviction for an offense which is equivalent to a driving under the influence (DUI) violation under Section 3731 of the Pennsylvania Vehicle Code, his driving privilege

was being suspended for a period of one year, effective February 23, 2000, as mandated by Section 1532(b) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3).[3]

Appellant did not contest the one-year suspension, and surrendered his driver's license to DOT on February 17, 2000. Common pleas entered the following order on April 13, 2000:

### ORDER TO WITHDRAW APPEAL AS MOOT

AND NOW, this 13th day of April, 2000, it appearing that the Petitioner's resolution of his license issue with New Jersey is resolved and the Pennsylvania Department of Transportation is showing his eligibility to be restored as of February 22, 2000, said date being in conformity with Petitioner's calculations, the above appeal is dismissed.

On April 27, 2000, common pleas entered an amended order, which replaced the April 13, 2000 order because the previous order incorrectly stated appellant's restoration date as February 22, 2000. The amended order listed the restoration date as February 17, 2001, and again dismissed petitioner's appeal as moot.

The circumstances under which these orders were entered is not reflected in the

---

**2.** Article III of the Driver's License Compact, 75 Pa.C.S. § 1581, provides with regard to reports of conviction:

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

**3.** Section 1532(b)(3) of the Vehicle Code provides in pertinent part that:

> The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer), or substantially similar offenses reported to the department under Article III of section 1581 (relating to Driver's License Compact), or an adjudication of delinquency based on section 3731 or 3733.

record, but the dockets do not reflect that any hearing or other court proceeding was held before the entry of the orders, and the orders were evidently prepared by appellant's counsel, as the originals in the certified record are bound with blue backers bearing his name and law office address. The Northampton County Prothonotary entered notices of common pleas' April 27, 2000 order on May 1, 2000.

On May 24, 2000, DOT sent appellant a third notice, stating that appellant's right to apply for a driver's license was being denied pursuant to Section 1572 of the Vehicle Code, because of the New Jersey suspension. The notice informed appellant that he would not be able to apply for a driver's license until sufficient proof of restoration was received from New Jersey. The effective date of cancellation was May 31, 2000. The notice further stated that this sanction was in addition to any previously issued sanctions.

Appellant took no action at that time, but on November 28, 2000, petitioned common pleas to re-open his November 18, 1999 appeal, which had been dismissed on April 27, 2000. On February 8, 2001, common pleas held a *de novo* hearing on appellant's November 1999 appeal. Before common pleas, DOT argued that it had the authority to cancel appellant's license pursuant to both Sections 1572 and 1503 of the Vehicle Code, 75 Pa.C.S. §§ 1572 and 1503.[4] Appellant argued that DOT never properly notified him that it was canceling his license, and therefore his due process rights were violated. By order dated April 23, 2001, common pleas denied appel-

lant's appeal from the cancellation of his driver's license, reasoning as follows:

The Department of Transportation may rely on § 1503, although it is not mentioned, when it has given notice of cancellation of driver's license under § 1572 without violating minimum requirements of due process. *Walck v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing,* 155 Pa.Cmwlth. 1, 625 A.2d 1276 (1993).

It is evident that in this case the one-year suspension resulted from conviction for the offense of driving under the influence on April 12, 1999. The ten-year suspension was imposed by New Jersey because of multiple convictions, the most recent of which was the April 12, 1999, D.U.I. Thus, [appellant] was suspended in New Jersey as a habitual offender at the time the May 2000 notice referring to § 1572 was sent to him. [DOT] properly relied on the New Jersey suspension for habitual offender status in acting pursuant to § 1572.

*Department of Transportation v. Michael A. Ainsworth,* No.1999–C–8867 (C.C.P. Northampton County, filed April 24, 2001), slip op. at 3.

In his present appeal to this court, appellant again asserts that DOT violated his due process rights by: (1) imposing a series of three sanctions against his license over a period of six months for a single offense, and (2) failing to give him adequate notice in the May 31, 2000 communication of the basis for the most recently imposed sanction. DOT maintains that common pleas lacked subject matter juris-

---

4. Section 1503 states in pertinent part:
   § 1503. Persons ineligible for licensing; license issuance to minors; junior driver's license
      (a) Persons ineligible for licensing.—The department shall not issue a driver's li-

cense to, or renew the driver's license of, any person:
(1) Whose operating privilege is suspended or revoked in this or any other state,
(2) Deleted.

diction to reinstate appellant's November 1999 statutory appeal from the cancellation of his driving privileges more than 30 days after common pleas entered an order dismissing that appeal. DOT further argues that: (1) it provided appellant with sufficient information to satisfy the requirements of due process, and (2) it had the authority to cancel appellant's license under Sections 1572 and 1503 of the Vehicle Code.

■ Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, mandates as follows: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." Section 5505 restricts the power of the courts to amend, modify or vacate final orders to 30 days from the date the order is entered. An exception to this rule occurs where fraud or some other circumstance exists that is "so grave or compelling as to constitute extraordinary cause justifying intervention by the court," allowing the court to open or vacate its order after the 30 day period has expired. 42 Pa.C.S. § 5504.[5] *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327, 334 (Pa.Super.1999). Moreover, "[c]ourts have modified and rescinded orders beyond the normal time limits and taken other corrective measures in cases where it would have been inequitable for parties to suffer consequences of the court's errors." *Jackson v. Hendrick*, 560 Pa. 468, 473, 746 A.2d 574, 576 (2000).[6] In this regard, the exceptions are similar to the power of the court to grant a *nunc pro tunc* appeal under limited circumstances when otherwise it would lack jurisdiction over that appeal.

■ In the case *sub judice*, common pleas entered an order on April 27, 2000, that dismissed appellant's appeal. Notices of that order were given on May 1, 2000. Pursuant to § 5505, common pleas had 30 days from the date of entry of its April 27, 2000, order in which to modify or vacate that order and re-open appellant's statutory appeal. Once that 30 day period had expired, the trial court lost jurisdiction to re-open appellant's statutory appeal, approximately six months later, on November 28, 2000, absent proof of one of the exceptions noted above.

■ The record reveals no incidence of fraud or other equitable circumstance in this case so as to justify common pleas' action of re-opening appellant's appeal six months after common pleas entered its order. There was no error by the court. The most appellant argues is that he was confused by the multiple notices from DOT, and at least initially believed that the one year suspension notice superceded

---

**5.** (a) **General rule.**—Except as provided in section 1722(c) (relating to time limitations) or in subsection (b) of this section, the time limited by this chapter shall not be extended by order, rule or otherwise.
(b) **Fraud.**—The time limited by this chapter may be extended to relieve fraud or its equivalent, but there shall be no extension of time as a matter of indulgence or with respect to any criminal proceeding.

**6.** In *Jackson v. Hendrick*, 710 A.2d 102 (Pa. Cmwlth.), we held that the court lacked subject matter jurisdiction to modify its order, and reversed on that ground. Although reversing our decision under the exception described above, our Supreme Court did not suggest any disagreement with our having noticed the issue *sua sponte* on the ground that Section 5505 imposes a jurisdictional limitation. It is well-settled that issues of subject matter jurisdiction cannot be waived and may be raised by a party for the first time on appeal. *Department of Transportation, Bureau of Motor Vehicles v. Shemer*, 157 Pa. Cmwlth. 380, 629 A.2d 1063, 1064 (1993).

the cancellation notice. However, he made no effort to clarify DOT's position before withdrawing his appeal. Nor did appellant act promptly once the second cancellation notice brought his apparent error to his attention,[7] but instead waited six months before moving to reopen his appeal. Just as the failure of a driver to proceed with reasonable diligence defeats his claim for equitable relief in the form of a *nunc pro tunc* appeal, *Stanton v. Department of Transportation, Bureau of Driver Licensing,* 154 Pa.Cmwlth. 350, 623 A.2d 925, 927 (1993), failure to act with reasonable diligence will preclude equitable enlargement of the Section 5505 time limitations.[8]

Accordingly, common pleas' April 23, 2001 order is vacated and its April 27, 2000 order is reinstated.

Judge SIMPSON did not participate in the decision of this case.

### ORDER

AND NOW, this 25th day of September, 2002, the April 23, 2001 order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby VACATED and the order entered by the Court of Common Pleas of Northampton County on April 27, 2000 is hereby REINSTATED.

---

7. We note in passing that the May 31, 2000, cancellation notice was not appealable. *Rinck v. Commonwealth,* 59 Pa.Cmwlth. 328, 429 A.2d 1255 (1981)

8. In addition to the confusion engendered by piecemeal notices in this type situation, we are troubled by DOT's application and construction of Section 1503. However, review of this issue will have to await a case in which the courts have jurisdiction to consider it.