# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pendle Hill | : | |
| | : | |
| v. | : | No. 933 C.D. 2015 |
| | : | Argued: February 8, 2016 |
| The Zoning Hearing Board of | : | |
| Nether Providence Township | : | |
| | : | |
| Appeal of: William Brophy and | : | |
| Erin Brophy | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge


**OPINION**
**BY JUDGE SIMPSON**               **FILED: March 10, 2016**


In this procedurally unusual zoning appeal, William and Erin Brophy (Objectors) ask whether the Court of Common Pleas of Delaware County (trial court) erred in denying their petition to open the judgment. The trial court's judgment reversed the Zoning Hearing Board of Nether Providence's (ZHB) denial of zoning relief to Pendle Hill (Applicant) as well as Objectors' petition to intervene *nunc pro tunc* or "now for then" in Applicant's land use appeal. Objectors ask whether the trial court abused its discretion by not finding that extraordinary cause existed to open its order reversing the ZHB's decision beyond the 30-day limit to rescind orders, when: (1) Objectors presented uncontested facts that as parties they received no notice of the ZHB's written decision, its findings of fact or conclusions of law; and, (2) the trial court reversed the ZHB's decision on grounds never raised before the ZHB and never raised in Applicant's land use appeal. Upon review, we vacate and remand for a determination of whether

extraordinary cause exists to justify Objectors' untimely intervention in Applicant's land use appeal to the trial court, and, if so, to allow Objectors to intervene in Applicant's land use appeal.

## I. Background

Applicant is a not-for-profit corporation whose mission is to maintain the Quaker Study Retreat and Conference Center at 338 Plush Mill Road, Nether Providence Township (Township), Wallingford, Delaware County. Its existence and location predate zoning legislation in the Township.

In 2013, Applicant acquired the property located at 318 Plush Mill Road (property), a six bedroom, two-and-a-half bath single-family dwelling that immediately adjoins Applicant's campus on one side and property owned by Objectors, located at 314 Plush Mill Road, on the other side. The property lies in an R-1a residential zoning district. Applicant seeks to use the property to accommodate conferees at its Conference Center.

In February 2014, Applicant filed an application with the ZHB seeking a variance to permit the use of the property as part of its Quaker Study Retreat and Conference Center. Alternatively, Applicant sought a determination that the Zoning Ordinance of the Township of Nether Providence (zoning ordinance) was de facto exclusionary because it did not provide for a "fair share" of educational, religious or philanthropic uses. Reproduced Record (R.R.) at 3a. As a further alternative, Applicant sought a special exception.

2

The ZHB held a hearing on Applicant's requests for zoning relief in March 2014 at which Objectors appeared with counsel. Objector William Brophy testified. At the conclusion of a second hearing in April 2014, during which Objectors' counsel presented argument on Objectors' behalf, the ZHB voted orally on the record to deny Applicant's application for zoning relief.

In May 2014, Applicant filed a land use appeal with the trial court. The land use appeal indicated that Applicant received letter notice of the ZHB's decision that was issued orally at the April 2014 hearing, but it had not yet received a copy of the ZHB's written decision. As such, Applicant reserved the right to supplement the basis for its land use appeal upon receipt of the ZHB's written decision. Applicant further asserted it was entitled to "site specific relief" on the ground that

> it is a matter of public record that [the Township] comprises an area of 4.72 miles. The area of the current R-5A District, is about ½ of 1 percent of the entire Township area[.] It is also a matter of public record that from the time that R-5A(1) was last addressed by the Township governing body to the present, the entire extent of the R-5A Zoning District was 100 percent developed and maintained by Addison Hines and Ed Coslett's Wallingford Arms Apartments. The Wallingford Arms Apartments is a complex of 64 row-house type apartments with an office in five two-story buildings separated by parking. There is absolutely not one square foot of space for any Institutional use in the R-5A District.

Tr. Ct., Slip Op., 8/13/15, at 3; R.R. at 11a.

In June 2014, the ZHB issued its written decision containing findings of fact and conclusions of law in which it determined Applicant was not entitled to

3

any of its requested zoning relief in order to change the use of the property from a residential home to an institutional use. The ZHB determined Applicant did not prove any hardship nor did it show the zoning ordinance was de facto exclusionary.

Thereafter, on October 9, 2014, the trial court issued an order reversing the ZHB's decision. It did so "based upon an agreement reached, subsequent to a conference with the [trial court] on September 11, 2014, between counsel for [Applicant] and the [Township] Solicitor that the matter be resolved pursuant to the [federal Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§2000cc-2000cc-5]." Tr. Ct., Slip Op., at 8. The trial court's order states:

> **AND NOW**, this 9th day of October, 2014 upon consideration of the Land Use Appeal and after conference and any submittals by the parties, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Appeal is sustained and that the decision of the [ZHB], dated April 21, 2014 is hereby **REVERSED**, by virtue of the [RLUIPA].
>
> **AND FURTHER,** the [Township] Zoning Officer shall issue a Certificate of Occupancy to [Applicant] for the premises 318 Plush Mill Road, permitting thereon institutional use in conjunction with the adjoining Pendle Hill Quaker Center.

R.R. at 20a.

Approximately five-and-a-half months later in March 2015, Objectors, through new counsel, filed a petition to open judgment and to intervene in Applicant's land use appeal *nunc pro tunc*. The trial court explained that the gravamen of Objectors' concerns was that, despite their counsel entering an

4

appearance and their actions as party participants at the ZHB hearings, and even having been present when the ZHB's decision in their favor was delivered orally on April 21, 2014, Objectors were never provided written notice of the ZHB's decision, or of Applicant's land use appeal to the trial court, which allegedly deprived them of the opportunity to intervene in the appeal. In response to Objectors' petition, Applicant filed an answer with new matter. Objectors filed an answer to Applicant's new matter.

The trial court subsequently issued an order denying Objectors' petition, stating:

> AND NOW, this 28th day of April, 2015, upon consideration of [Objectors'] Petition to Open Judgment Dated October 9, 2014 and to Intervene In land Use Appeal *Nunc Pro Tunc* filed on March 24, 2015, [Applicant's] Response thereto with New Matter, and [Objectors'] Response (sic) thereto, it is hereby ORDERED and DECREED that the said Petition will be, and hereby is, **DENIED** because this action terminated on November 9, 2014 and thereby deprived the Court of jurisdiction as to all matters filed subsequent to that date.

R.R. at 73a. Objectors appealed, and the trial court directed them to file a concise statement of the errors complained of on appeal (Statement), which they did.

The trial court then issued an opinion pursuant to Pa. R.A.P. 1925(a) in which it first explained that several of the issues raised in Objectors' Statement were waived because Objectors did not previously raise them before the trial court. Additionally, the trial court stated, because Objectors' barebones contentions that they were deprived of any right to intervene in Applicant's appeal were not

supported by corroborating evidence, nor by appropriately developed pertinent legal argument, every other issue set forth in their Statement was waived.

Nevertheless, the trial court explained, Objectors' alleged grounds for their appeal only applied if they sought and attained the standing that would have allowed for their involvement in Applicant's appeal to the trial court. In terms of the failure to inform Objectors of Applicant's appeal from the ZHB's decision, the trial court stated, Objectors' insistence that Applicant was obligated to provide them notice of that appeal was frivolous, as was the allegation that the ZHB never informed them in any way of a decision that was undisputedly heard by Objectors' "directly from the horse's mouth." Tr. Ct., Slip Op. at 14. The trial court explained Objectors were present in the hearing room when the decision in their favor was uttered and, because they were not aggrieved by that decision, it could be inferred from their failure to take action afterward that they either dismissed or ignored the potentiality for an appeal to be taken by Applicant.

By subsequently failing to exercise the diligence to discover that Applicant filed an appeal with the trial court, Objectors "willfully, if not recklessly, sat on rights of which they now disingenuously claim to have been wantonly deprived by … Applicant, the ZHB and even the [trial court]. All in all, [Objectors] have abjectly failed to demonstrate that it was within anyone's purview or realm of responsibility to assure their precautionary involvement in an appeal from a ZHB decision that, indubitably, was in their favor." Id. (citations omitted).

The trial court further explained the notice requirement in Section 908(10) of the Pennsylvania Municipalities Planning Code (MPC),[1] which requires the ZHB to provide notice of its decision, applies only to the ZHB and places no duty on an applicant to provide notice of its appeal of the ZHB's decision. The trial court stated Objectors received notice of the ZHB's decision on April 21, 2014 (the date of the ZHB's oral vote), and they could not complain that they never received it in violation of any applicable rule of law. The trial court stated the same was true of Objectors' claim in Paragraph 11 of their petition to open that "[n]o findings of fact or conclusions were ever issued by the [ZHB], in derogation of the requirements of the [MPC], 53 P.S. § 10908(9)."

To that end, the trial court stated the ZHB's decision and findings of fact and conclusions of law, indeed, were published on June 2, 2014, but Objectors, having known of the decision on which they were based, apparently never contacted the ZHB for the location at which they could be perused in person. The trial court stated that the ZHB's purported failure to provide that bit of information to Objectors would not "overcome [Objectors'] dereliction in waiting nearly a year after … Applicant's appeal from the ZHB's decision and five months after the trial court's reversal of the ZHB's decision to seek the opening of the judgment and the status of intervenor *via* the filing of [their] [p]etition." Tr. Ct., Slip Op. at 16.

---

[1] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908(10).

7

In addition, the trial court stated, although Section 1004-A of the MPC[2] permits a municipality and any property owner to intervene within 30 days of the filing of a land use appeal, Pennsylvania Rule of Civil Procedure No. 2327 allows for persons with a legally enforceable interest that may be affected to intervene "[a]t any time during the pendency of an action …." Id. If a petition to intervene is first filed after judgment is entered in a land use appeal, it is too late. Boerner v. Hazle Twp. Zoning Hearing Bd., 845 A.2d 210 (Pa. Cmwlth. 2004). The trial court explained that Objectors' newly raised claims that the judgment reversing the ZHB could not have been final in the absence of their intervention and was unreflective of the record in the case, while waived, were also baseless because Objectors never attained standing to challenge the trial court's decision on any ground, regardless of whether they were parties before the ZHB. Stuckley v. Zoning Hearing Bd. of Newtown Twp., 79 A.3d 510 (Pa. 2013); Nahas v. Zoning Hearing Bd. of Schuylkill Cnty., 823 A.2d 237 (Pa. Cmwlth. 2003); Pessolano v. Zoning Bd. of Adjustment of City of Pittsburgh, 632 A.2d 1090 (Pa. Cmwlth. 1993); Gilchrist v. Zoning Bd. of Old Forge Borough, 475 A.2d 1366 (Pa. Cmwlth. 1984).

Similarly, the trial court stated, Objectors' "late-breaking contentions" that Applicant's grounds for relief submitted to the trial court were not alternative to those pled in support of the variance were blatantly belied by a perusal of Applicant's pre-hearing brief to the ZHB. Tr. Ct., Slip Op. at 17. They are groundless as well given the trial court's power to fashion the remedy awarded to Applicant in its appeal from the ZHB's decision. Whether Objectors' appellate

_____

[2] Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §11004-A.

contentions are baseless or waived, the trial court explained, Objectors voluntarily abrogated the ability to raise any and all of their foregoing contentions by failing to timely intervene in Applicant's land use appeal.

In sum, the trial court stated:

Under [the MPC], '[i]n a land use appeal, the court shall have power to declare any ordinance or map invalid and set aside or modify any action, decision or order of the governing body, agency or officer of the municipality brought up on appeal.['] [Section 1006-A(a) of the MPC, 53 P.S. § 11006-A (a).[3]]. 'If the court finds that an ordinance or map, or a decision or order thereunder, which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal, it may order the described development or use approved as to all elements. …' 53 P.S. § 11006-A (c).

[Objectors] have requested that the [j]udgment reversing the ZHB's denial of an institutional variance to … Applicant be opened and or stricken on grounds that they had not been permitted to become parties to … Applicant's appeal from the ZHB's decision. However, the evidence of record reflects that [Objectors], themselves, were solely at fault for timely failing to become intervenors therein. Needless to say, a non-party's petition to open or strike a judgment that had never been entered against them is a nullity *ab initio*. Alternatively, any reconsideration of the [o]rder terminating … Applicant's appeal could not take place because [Objectors] had not attained the standing to request it as intervenors during the pendency of … Applicant's appeal before this Court. [Boerner].

For all of the foregoing reasons, [Objectors'] Petition to Open the Judgment reversing the ZHB's denial of an

---

[3] Added by the Act of December 21, 1988, P.L. 1329, as amended, 53 P.S. §11006-A.

institutional variance to … Applicant, and to Intervene in … Applicant's appeal from the ZHB's decision was appropriately denied and this ruling must not be disturbed on appeal.

Tr. Ct., Slip Op. at 17-18.[4]  This matter is now before us for disposition.

## II. Discussion–Notice of ZHB's Decision
### A. Contentions

On appeal,[5] Objectors first argue the trial court erred and abused its discretion by not finding extraordinary cause existed to justify disturbing its order reversing the ZHB where Objectors established: (1) they never received notice of the ZHB's written decision; (2) they never received the ZHB's opinion, findings of fact and conclusions of law and were not notified where they were available, all in violation of the MPC and the zoning ordinance; and, (3) they were never served with a copy of Applicant's land use appeal.  Objectors contend these facts show their due process rights were offended and served to deprive them of the ability to seek intervention and participate in the appeal below.

Objectors maintain it is a fundamental principle that "everyone deserves their day in court."  Br. for Appellants at 14.  Here, they assert, they were

---

[4] After Objectors filed their appeal to this Court, Applicant filed a motion to quash.  A single judge of this Court (Quigley, S.J.) denied the motion because it appeared this matter was appropriately before this Court.  To that end, Applicant did not challenge the finality of the trial court's order, the timeliness of Objectors' appeal to this Court or this Court's jurisdiction.  Thus, consideration of Applicant's arguments in the context of a motion to quash was improper; rather, a panel should address the issues Applicant seeks to raise.

[5] Our review of the denial of a petition to intervene is limited to determining whether the trial court abused its discretion or committed an error of law.  Atticks v. Lancaster Twp. Zoning Hearing Bd., 915 A.2d 713 (Pa. Cmwlth. 2007).
The ZHB and the Township of Nether Providence were precluded from participating in this appeal based on their failure to file briefs as required by this Court's December 2015 order.

10

deprived their day in court because of others' mistakes in process and procedure, which violate Pennsylvania statutes and court rules. Objectors contend the trial court should have recognized the statutory and rule violations and the effect those violations had on Objectors' rights and determined that the cause to open the final order asserted by Objectors was extraordinary.

Objectors point out that in its order denying their petition to open judgment and intervene *nunc pro tunc*, the trial court stated that the reason for the denial was that "this action terminated on November 9, 2014 and thereby deprived the Court of jurisdiction as to all matters subsequent to that date." Tr. Ct. Order, 4/28/15; R.R. at 73a. By stating that the action "terminated" on November 9, 2014, 30 days after issuance of the October 9, 2014 final order, Objectors argue, the trial court signaled its reliance on and adherence to the provisions of Section 5505 of the Judicial Code, 42 Pa. C.S. §5505 ("Modification of orders"). Section 5505 states: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." Id.

However, Objectors assert, the trial court's inability to modify or rescind final orders more than 30 days after their entry is not absolute. This Court recognizes an exception to this rule exists where fraud or some other circumstance occurs that is "so grave or compelling as to constitute extraordinary cause justifying intervention by the court," allowing a court to open or vacate its order after the 30-day period expired. Ainsworth v. Dep't of Transp., Bureau of Driver

11

Licensing, 807 A.2d 933, 937 (Pa. Cmwlth. 2002) (citations omitted).  The Court in Ainsworth also noted, "[c]ourts have modified and rescinded Orders beyond the normal time limits and taken other corrective measures in cases where it would have been inequitable for parties to suffer consequences of the court's errors." Id. at 938 (citation omitted).

Further, the Superior Court in Manufacturers & Traders Trust Co. v. Greenville Gastroenterology, SC, 108 A.3d 913 (Pa. Super. 2015), explained: "'Extraordinary cause' refers to an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." Id. at 919 (citation omitted).  Objectors assert the uncontested facts and circumstances alleged in their petition to open judgment and intervene constitute "extraordinary cause" that should have compelled the trial court to open the judgment resulting from its final order of October 9, 2014.

To that end, Objectors argue, the fact that they never received notice of the ZHB's written decision or the ZHB's findings of fact and conclusions of law, in violation of MPC requirements and, further, never received any notice of the land use appeal Applicant filed, should be viewed as extraordinary cause so as to allow the final order in Applicant's land use appeal to be opened.  Objectors maintain this failure worked to deprive them of their day in court and substantially affected their rights when the trial court reversed the ZHB's decision without Objectors' participation.

12

Objectors assert they participated as parties in the ZHB proceedings. Their prior counsel filed an entry of appearance with the ZHB. Objector William Brophy was an active participant at the ZHB hearing. These facts are undisputed. As a result, Objectors argue, under the requirements of the MPC and the zoning ordinance, they were entitled to receive notice of the ZHB's written decision. See 53 P.S. §10908(10). Objectors maintain this Court previously determined that when a zoning board fails to fulfill its statutory duty set forth in Section 908(10) of the MPC, the proper remedy is to permit the reopening of a determination of a zoning matter or appeal, even after the statutory deadline passed. Mihal v. Zoning Hearing Bd. of City of Hazleton, 545 A.2d 1002 (Pa. Cmwlth. 1988); see also Clemens v. Zoning Hearing Bd. of U. Gwynedd Twp., 281 A.2d 93 (Pa. Cmwlth. 1971) (en banc).

Objectors contend both Applicant, in its response to Objectors' petition below, and the trial court, in its opinion, simply brushed aside the ZHB's failure to comply with the statutory requirement that notice of the written decision, findings of fact and conclusions of law be provided to Objectors. However, neither Applicant nor the trial court cited any authority that would allow for waiver of this statutory requirement or any interpretation of the statute that indicates it is merely directory and not mandatory.

Objectors argue they also asserted below that, after receiving no notice of the ZHB's written decision or any notice of the issuance of its opinion, findings of fact and conclusions of law, such prejudice was compounded by the failure of any party to provide notice of the land use appeal taken by Applicant to

13

the trial court. Objectors anticipate that Applicant will strenuously argue that it had no statutory duty to serve a notice of its land use appeal on Objectors based on Boerner. As it did below, Applicant will argue that Objectors never attained party status in the trial court because they did not petition to intervene during the pendency of that appeal. Objectors recognize it is settled law that they do not automatically acquire party status in a land use appeal in the trial court simply because they entered their appearance as parties before the ZHB. Objectors further recognize that, if they received notice of the land use appeal, they were required to file a petition to intervene and not simply a notice of intervention.

Objectors also recognize that Boerner and other cases do not place a duty on a landowner/appellant, like Applicant, to serve notice of the land use appeal on any other parties who entered their appearance before the ZHB. Section 1003-A of the MPC,[6] only requires service by the appellant if such appellant is a person other than the landowner of the land directly involved in the decision or action appealed from. This rule does not even require direct service of a land use appeal to the municipality or the ZHB. Rather, the ZHB is provided notice by the prothonotary. Objectors argue that, despite the lack of any requirement to do so, Applicant here sent a copy of its land use appeal directly to the Township and the ZHB; thus, the only party before the ZHB who did not receive this "elective" service was Objectors. Br. for Appellants at 19.

_____

[6] Section 1003-A was added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §11003-A.

Objectors maintain that, had the ZHB fulfilled its statutory duty under Section 908(10) of the MPC to provide Objectors with notice of its opinion, findings of fact and conclusions of law, which was issued as part of the record to the trial court, Objectors would have known of the land use appeal to the trial court and would have petitioned to intervene in a timely manner to preserve their rights. Because the ZHB did not fulfill its statutory duty, Objectors assert, they had no notice that the case continued beyond the ZHB level.

Objectors also anticipate Applicant will assert Objectors were required to continually check the trial court's docket to find the proverbial "needle in a haystack" and attempt to identify whether any appeal was filed. Br. for Appellants at 20. The trial court's opinion seems to endorse this concept. Objectors assert it cannot be the intended consequence of the MPC or any rule promulgated by our Supreme Court, that the fulfillment of due process for litigants such as Objectors should involve a fishing expedition of a trial court's daily dockets to try to identify the filing of an appeal from a matter in which they were a party below, when they were not properly served with notice of a written decision, which would have triggered the start of the appeal period.

Applicant first responds that the trial court lacked jurisdiction to consider Objectors' application for intervention filed on March 24, 2015. Applicant asserts that on October 10, 2014, the trial court entered its order sustaining Applicant's appeal from the ZHB's decision. Applicant argues that, at all times below, Applicant and the ZHB were the only parties before the trial court.

15

Neither the Township nor Objectors filed a notice of intervention or petition to intervene and neither participated in any fashion before the trial court.

Applicant maintains that on March 24, 2015 Objectors filed a petition to open judgment and to intervene in Applicant's land use appeal *nunc pro tunc*. While Objectors appeared with counsel and participated in both ZHB hearings, their action on March 24, 2015 was their initial attempt to participate before the trial court. Under Section 5505 of the Judicial Code, a trial court lacks authority to award relief more than 30 days after entry of its final order. See Ness v. York Twp. Bd. of Comm'rs, 123 A.3d 1166 (Pa. Cmwlth. 2015); Ettelman v. Dept. of Transp., Bureau of Driver Licensing, 92 A.3d 1259 (Pa. Cmwlth. 2014); Borough of Media v. Cnty. of Delaware, 82 A.3d 509 (Pa. Cmwlth. 2013); In re Consol. Return of Real Estate Tax Sale, 74 A.3d 1089 (Pa. Cmwlth. 2013). The finality of an order 30 days after its entry applies not only to claims that have been raised but also to claims that could have been raised. Ettelman.

Applicant contends the trial court's discretion to modify its order ceases 30 days after entry of the order and thereafter the court may exercise discretion to modify only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of "extraordinary cause" justifying intervention. In Re: Consol. Return; ISN Bank v. Rajaratnam, 83 A.3d 170, 172 (Pa. Super. 2012); Fulton v. Bedford Cnty. Tax Claim Bureau, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008). As set forth below, Applicant argues, there are no extraordinary circumstances in this

16

routine landowner appeal that would establish a right to an untimely application to intervene.

Applicant next asserts Objectors lacked standing to appeal any decision of the trial court here. It contends an adjacent landowner does not have an automatic right of intervention under the MPC and must instead pursue intervention subject to the Rules of Civil Procedure. McLoughlin v. Zoning Hearing Bd. of Newtown Twp., 953 A.2d 855 (Pa. Cmwlth. 2008). Neither a municipality nor a neighboring landowner is granted automatic party status in an appeal from a ZHB decision, despite the fact that both participated as parties before the ZHB. In order to participate at the trial court level, they must intervene pursuant to Section 1004-A of the MPC, 53 P.S. §11004-A. Stanbro v. Zoning Hearing Bd. of Cranberry Twp., 566 A.2d 1285 (Pa. Cmwlth. 1989); Acorn Dev. Corp. v. Zoning Hearing Bd. of U. Merion Twp., 523 A.2d 436 (Pa. Cmwlth. 1987); Gilchrist.

Applicant further contends the Pennsylvania Supreme Court recently weighed in on this question holding that "parties to a hearing" are distinct from "parties appellant" and unless the former take steps to become party appellants, they cannot continue to challenge a decision rendered by the trial court. Stuckley, 79 A.3d at 512. Applicant asserts a case on all fours and the progenitor of the law in this area is Gilchrist. It argues the law on this issue is crystal clear. Objectors, who participated as parties before the ZHB must either appeal or intervene in the proceedings before the trial court in order to retain their party status. Borough of Malvern v. C.N. Agnew, 314 A.2d 52 (Pa. Cmwlth. 1973).

17

Applicant maintains that Pa. R.C.P. No. 2327 permits intervention only "during the pendency of an action." Sch. Dist. of Robinson Twp. v. Houghton, 128 A.2d 58, 60 (Pa. 1956). To petition the court to intervene after a matter is finally resolved is not permitted by the Rules of Civil Procedure. In re Estate of Albright, 545 A.2d 896 (Pa. Super. 1988).

Applicant also points out that this Court recently explained:

> For the benefit of land use practitioners in the Commonwealth and in the interest of absolute clarity we wish to stress that whether stemming from unfamiliarity with the Pennsylvania Rules of Civil Procedure, vestiges of countervailing local rules, errors or misrepresentations made by counsel, or a matter traversing from courtroom to courtroom prior to reaching the merits, this issue has repeatedly reached this court and the holding has been the same: Unless you are a municipality or an owner or tenant of the property directly involved in the action appealed from, you must file a petition to intervene in the form of and verified in the manner of a plaintiff's initial pleading in a civil action to participate as an intervener in a land use appeal.

Lescinsky v. Twp. of Covington Zoning Hearing Bd., 123 A.3d 379 (Pa. Cmwlth. 2015) (quashing objector's appeal to this Court where objector filed a notice to intervene as opposed to a required petition to intervene in the trial court and did not participate before trial court). Here, Applicant argues, Objectors filed neither a notice to intervene nor a petition to intervene, and they did not participate in any manner before the trial court, which warrants quashal of this appeal. See Nahas.

Applicant also contends the trial court did not abuse its discretion in deciding the petition to intervene *nunc pro tunc* without a hearing. It argues,

18

where a court no longer has the power to permit intervention because the matter is finally adjudicated, a hearing on a petition to intervene would be futile. Santangelo Hauling Inc. v. Montgomery Cnty., 479 A.2d 88, 89 (Pa. Cmwlth. 1984) ("[I]f an action is no longer pending, a court would have no power to permit intervention; and a hearing on the petition would be a futile exercise."); see also Chairge v. Exeter Borough Zoning Hearing Bd., 616 A.2d 1057 (Pa. Cmwlth. 1992).

Finally, Applicant asserts the record is devoid of any extraordinary circumstances that would excuse Objectors' untimely petition to intervene. To resolve this issue, Applicant argues, this Court must begin from the formidable presumption that a motion to intervene filed after entry of a final order should be denied except in extraordinary circumstances. M.J.M. Fin. Servs., Inc. v. Burgess, 533 A.2d 1092 (Pa. Cmwlth. 1987). However, the extraordinary circumstances to be reviewed cannot pertain to the merits or the substantive defense the intervenor seeks to litigate. Chairge. Rather, it is the circumstances proffered to excuse the untimely filing that must be scrutinized. Jackson v. Hendrick, 446 A.2d 226 (Pa. 1982).

Here, Applicant maintains, Objectors offer feeble bases for a finding of extraordinary circumstances to justify their untimely petition. Specifically, Objectors argue: (1) they never received notice of the written ZHB decision; (2) they never received the ZHB's opinion with findings of fact and conclusions of law; and, (3) they were never served with a copy of Applicant's land use appeal to the trial court.

19

As to Objectors' claim that Applicant deprived them of due process by failing to serve them with notice of its land use appeal, Applicant relies on Boerner where, it asserts, this Court rejected the same argument.

With regard to the due process violation asserted against the ZHB for failure to provide Objectors with the ZHB's written decision, Applicant argues, the record is indisputable that Objectors were present with counsel on April 21, 2014 when the ZHB announced its oral decision denying Applicant's request for relief. Thus, it is clear from the record that Objectors had actual notice of the ZHB's decision. In this regard, Applicant contends, Objectors' reliance on Mihal and Clemens is misplaced. Additionally, unlike the protestors in those cases, the ZHB's decision was in Objectors' favor. Applicant contends that, absent demonstrated injury to Objectors, Section 908(10) of the MPC is directory only. Limekiln Golf Course, Inc. v. Zoning Bd. of Adjustment of Horsham Twp., 275 A.2d 896, 904 (Pa. Cmwlth. 1971) (en banc).

Also, Applicant argues, Objectors here had actual notice of the 30-day period within which Applicant had to file its land use appeal with the trial court. Applicant asserts this circumstance alone should be sufficient to affirm the trial court. See George Family Ltd. P'ship v. S. Union Twp. Zoning Hearing Bd., (Pa. Cmwlth., Nos. 965, 1014 C.D. 2013, filed March 31, 2014), 2014 WL 1285408 (unreported).

With regard to Objectors' claim concerning the ZHB's failure to provide Objectors with a written copy of the opinion, including findings of fact and

20

conclusions of law, Applicant observes Objectors had no property interest at risk before the ZHB. Simply establishing a statutory violation (here, Section 908(10) of the MPC, if there was one) does not establish a due process violation. McKivitz v. Twp. of Stowe, 769 F.Supp.2d 803 (W.D. Pa. 2010). Additionally, Applicant contends, while the Third Circuit found Pennsylvania's statutory scheme for adjudicating challenges to zoning ordinances to be consistent with the requirements of the due process clause, Rogin v. Bensalem Township, 616 F.2d 680, 694-95 (3d Cir. 1980), the obvious must be stated: Objectors had no property interest at issue before the ZHB. Applicant maintains that a procedural due process analysis is limited to the landowner, whose property is subject of the hearing. Once Objectors participated with counsel before the ZHB and received a decision favorable to them, Applicant asserts, they were afforded all their statutory rights under the MPC.

Lastly, Applicant asserts, Objectors claim a due process violation because the ZHB's failure to provide notice of its decision would compel Objectors to continually check the trial court's dockets to find the proverbial "needle in the haystack" and attempt to identify whether any appeal was filed. Br. of Appellee at 21 (citation omitted). Applicant counters that, because Objectors appeared before the ZHB with counsel on April 21, 2015, when the decision to deny Applicant's application was announced, Objectors simply had to wait 33 days and check the trial court docket under "Pendle Hill" and they would have discovered not only that a land use appeal was perfected but that a *writ of certiorari* for the ZHB's record was also issued. With the return on the writ on June 11, 2014, Objectors had all the information provided to the parties and had

120 days in which to intervene before the trial court's final order was entered on October 9, 2014. Applicant asserts it should not be required to re-litigate this matter simply because Objectors' counsel did not attend to the standard of care required for proceedings such as this.

In sum, Applicant maintains, for this Court to conclude that an adjacent landowner-protester, who had actual knowledge of the ZHB's decision and who failed to review the trial court's docket on the 31st, 32nd or 33rd day after that decision, can nevertheless claim extraordinary circumstances to support a *nunc pro tunc* application to intervene five-and-a-half months after final adjudication would reverse, by implication, the entire body of the law developed in this area. Applicant argues the question of timeliness of the petition to intervene is one exclusively within the trial court's discretion. An appellate court may not interfere with that discretion absent a manifest abuse. Here, Applicant asserts, the trial court's observations reflect its considered and cogent attention to Objectors' claims. Because there are no extraordinary circumstances extant to excuse Objectors' untimely attempt to intervene, the trial court's order should be affirmed.

**B. Analysis**

As set forth above, on October 9, 2014, the trial court issued an order reversing the ZHB's decision and granting Applicant's request for zoning relief. Approximately five-and-a-half months later, Objectors filed a petition to open judgment and to intervene in Applicant's land use appeal *nunc pro tunc*.

As to intervention in land use appeals, Section 1004-A of the MPC, 53 P.S. §11004-A, states:

> Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

In turn, Pa. R.C.P. Nos. 2326-2350 govern intervention. Rule 2327 states, in relevant part (with emphasis added):

> At any time <u>during the pendency of an action</u>, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> * * * *
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa. R.C.P. No. 2327(4).

In addition, Pa. R.C.P. No. 2329 provides, in pertinent part:

> Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if
>
> * * * *

23

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa. R.C.P. No. 2329(3).

A petition to intervene filed after entry of a decree should be denied except in extraordinary circumstances. Jackson; Chairge; M.J.M. Fin. Servs. In M.J.M. Financial Services, this Court held that a purported intervenor's alleged lack of awareness of litigation involving a petition to set aside a tax sale prior to the common pleas court's order setting aside the sale was an extraordinary circumstance that authorized intervention after entry of the order. We stated:

> [The appellee] asserts that the petition to intervene was properly denied because it was untimely. It is true that Pa.R.C.P. No. 2327 permits intervention during the *pendency* of an action. It is also true that Newberg [v. Board of Public Education, 330 478 A.2d 1352 (Pa. Super. 1984),] held that a petition to intervene filed after entry of an adjudication but within the thirty-day period to appeal is untimely. Newberg, however, does not deal with the situation where the purported intervenor was allegedly unaware of the litigation. Nor does Rule 2327 address that problem. [The purported intervener] has alleged that it was unaware of the petition to set aside the sale until two days after the order itself setting aside the sale was entered and was not aware of the order until [two weeks later]. A motion to intervene after entry of a decree should be denied except in extraordinary circumstances. [Jackson]. We hold that such extraordinary circumstances are present here, and hence that intervention should have been permitted.

M.J.M. Fin. Servs., 533 A.2d at 1094 (emphasis in original).

Here, in their petition to intervene before the trial court, see R.R. at 24a, 26a, 28a, and in their brief to this Court, Objectors assert the ZHB did not

24

provide them written notice of the ZHB's decision as required by Section 908(10) of the MPC. That Section states (with emphasis added):

> A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date. <u>To all other persons who have filed their name and address with the board not later than the last day of the hearing, the board shall provide by mail or otherwise, brief notice of the decision or findings and a statement of the place at which the full decision or findings may be examined.</u>

53 P.S. §10908(10).

As Applicant points out, this Court repeatedly holds that the statement in the first part of Section 908(10) that a zoning board's final decision shall be delivered or mailed to an *applicant* no later than the day following the date of the decision is directory, not mandatory. <u>Geryville Materials, Inc. v. L. Milford Twp. Zoning Hearing Bd.</u>, 972 A.2d 136 (Pa. Cmwlth. 2009); <u>Pae v. Hilltown Twp. Zoning Hearing Bd.</u>, 385 A.2d 616, 618 n.1 (Pa. Cmwlth. 1978) ("Absent demonstrated injury to appellants, Section 908(10) of the MPC is directory only."); <u>Limekiln Golf Course</u>, 275 A.2d at 904 ("[W]e have no hesitancy in concluding that the delivery or mailing requirement of clause (10) is directory rather than mandatory."); <u>George Family Ltd. P'ship</u>. However, these cases do not control here because they only address the duty owed to an applicant under Section 908(10) of the MPC and do not address the duty owed to the objectors by a ZHB. See <u>George Family Ltd. P'ship</u>.

The duty owed by a ZHB to the *objectors* under Section 908(10) of the MPC was addressed in <u>Mihal</u> and <u>Clemens</u>. See <u>George Family Ltd. P'ship</u>.

25

In Mihal, we held that a ZHB erred as a matter of law under Section 908(10), when it did not provide notice of its decision to four objectors who filed their names and addresses with the ZHB before the final hearing. As a result of the board's failure, we held the appeal filed by the objectors was timely, even though it was filed after the 30-day appeal period. In reaching our decision in Mihal, we relied on our en banc decision in Clemens, in which this Court held that an appeal filed by objectors 52 days after the ZHB issued its decision was timely where there was no evidence that the ZHB provided the objectors notice of its decision.

Here, despite the fact that Objectors appeared with counsel and filed their names and addresses with the ZHB, the ZHB did not provide Objectors notice of its decision and a statement of the place at which the full decision or findings could be examined as required by Section 908(10) of the MPC. Applicant does not directly dispute this fact. Appellants' Br. at 8, 11; R.R. at 50a-51a. Further, although Objectors had notice of the ZHB's *oral* vote, the express language of Section 908(10) required the ZHB to provide Objectors notice of its "decision." Mihal, 545 A.2d at 1004; Clemens, 281 A.2d at 95-96.

To that end, we respectfully reject the trial court's determination (and Applicant's argument on appeal) that, because Objectors attended the hearing at which the ZHB announced its *oral* vote, such notice was sufficient to satisfy Section 908(10). More particularly, Section 908(10) required the ZHB to provide Objectors "by mail or otherwise, brief notice of the decision … and a statement of the place at which the full decision … may be examined." 53 P.S. §10908(10) (emphasis added). Under the MPC a "decision" is defined as a "final adjudication"

26

of a ZHB. Section 107(b) of the MPC, 53 P.S. §10107(b). "The decisional law of this Commonwealth confirms that a final order of a [ZHB] <u>must be reduced to writing</u>." <u>Seipstown Vill., LLC v. Zoning Hearing Bd. of Weisenberg Twp.</u>, 882 A.2d 32 (Pa. Cmwlth. 2005) (citing <u>Relosky v. Sacco</u>, 523 A.2d 1112 (Pa. 1987); <u>Mountain Prot. Alliance v. Fayette Cnty. Zoning Hearing Bd.</u>, 757 A.2d 1007 (Pa. Cmwlth. 2000)). Thus, the "decision" referred to in Section 908(10) is the ZHB's final, written adjudication. <u>Id.</u> Indeed, after its initial oral vote, the ZHB had the right to vote again and alter its decision prior to rendering a written decision. <u>Id.</u> As such, we reject the position that notice of the ZHB's *oral* vote satisfied the requirement in Section 908(10) of the MPC.

In short, under <u>Mihal</u> and <u>Clemens</u> objectors may file an untimely appeal of a ZHB decision where the ZHB fails to give notice of its final, written decision; a similar result may be appropriate here where the ZHB failed to give Objectors notice of its final, written decision, and Objectors filed an untimely petition to intervene. Thus, a remand is necessary for the trial court to determine whether the ZHB's failure to comply with "the mandate of the statute,"[7] by providing proper notice of its decision to Objectors constitutes extraordinary cause justifying the grant of Objectors' untimely petition to intervene. In so doing, the trial court must determine whether the ZHB's failure to provide the required notice *caused* the untimely filing of Objectors' petition to intervene. As to the causation issue, Objectors shall bear the burden of proof.

---

[7] <u>Clemens v. Zoning Hearing Bd. of U. Gwynedd Twp.</u>, 281 A.2d 93, 95 (Pa. Cmwlth. 1971) (<u>en banc</u>).

27

Further support for our conclusion regarding the insufficiency of an oral vote is found in our Supreme Court's decision in <u>Narberth Borough v. Lower Merion Township</u>, 915 A.2d 626 (Pa. 2007). There, the Court held that the 30-day appeal period set forth in Section 1002-A of the MPC,[8] 53 P.S. §11002-A ("All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa. C.S. § 5572 (relating to time of entry of order) …") begins to run from the mailing of the *written decision*. <u>See</u> 2 ROBERT S. RYAN, PENNSYLVANIA ZONING LAW AND PRACTICE §11.3.2 (2016 cumulative supp.) ("Where a written decision is entered, the rule remains that the 30-day appeal period runs from the date of the written decision, notwithstanding that the protestant was present at the earlier formal vote.") (citing <u>Narberth Borough</u>).

Here, because Objectors did not receive notice of the ZHB's written decision, they lacked notice of the commencement of the 30-day period within which Applicant had to file its land use appeal to the trial court so as to allow them to ascertain the timeframe within which an appeal could be taken and to further determine whether intervention was necessary. The ZHB here announced its oral vote on April 21, 2014 and gave written notice of that decision to Applicant a few days later. <u>See</u> R.R. at 12a. However, the ZHB did not issue its written decision until six weeks later on June 2, 2014. R.R. at 15a-19a.

---

[8] Section 1002-A of the MPC was added by the Act of December 21, 1988, P.L. 1329.

28

This Court previously held that the ZHB's "notice of a decision is not equivalent to the entry of an order, and therefore <u>the appeal period does not begin to run until the [ZHB] mails its written decision</u>." <u>Bishop Nursing Home v. Zoning Hearing Bd. of Middletown Twp.</u>, 638 A.2d 383, 386 n.2 (Pa. Cmwlth. 1994) (emphasis added); <u>see</u> <u>also</u> <u>Border v. Zoning Hearing Bd. of City of Easton</u>, 460 A.2d 918, 920 (Pa. Cmwlth. 1983) (ZHB's decision was "entered" when its findings of fact and conclusions of law were served on appellant; appeal period commenced on that date, not on date ZHB sent appellant notice of decision denying requested relief with reasons for denial). In light of the fact that the appeal period did not begin to run until the ZHB issued its written decision on June 2, 2014, Applicant's claim that Objectors should have monitored the trial court's docket to ascertain whether Applicant had, in fact, filed a land use appeal within 30 days of the ZHB's notice of its oral vote (which was not sent to Objectors) is unavailing.

Of further note, a secondary but significant concern expressed by the Supreme Court in <u>Narberth Borough</u> was the "asymmetry of treatment" of an applicant for *subdivision* approval, to whom a written decision must be transmitted, and others, such as objectors, to whom a decision need not be sent pursuant to Section 508(1) of the MPC, 53 P.S. §10508(1). <u>Id.</u> at 636; <u>see</u> <u>also</u> Marc D. Jonas, *Avoiding Pitfalls in Assuring Timeliness of Appeals in Land Use Cases*, 78 Pa. B.A.Q. 77 (2007). The concern was whether non-applicants were at a disadvantage in discerning the time for appeal.

The concern over asymmetrical treatment expressed by our Supreme Court in Narberth Borough is present here to a greater degree because, unlike Section 508(1) of the MPC at issue in Narberth Borough, Section 908(10) of the MPC (which applies in *zoning* matters such as this) expressly requires such notice.

In addition, although Applicant contends the trial court lacked jurisdiction over Objectors' petition to intervene because it was filed more than 30 days after the trial court's order reversing the ZHB's decision, as this Court previously explained:

> Section 5505 of the Judicial Code … mandates as follows: 'Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.' Section 5505 restricts the power of the courts to amend, modify or vacate final orders to 30 days from the date the order is entered. An exception to this rule occurs where fraud or some other circumstance exists that is 'so grave or compelling as to constitute extraordinary cause justifying intervention by the court,' allowing the court to open or vacate its order after the 30 day period has expired. 42 Pa.C.S. § 5504. First Union Mortgage Corp. v. Frempong, 744 A.2d 327, 334 (Pa. Super. 1999). Moreover, '[c]ourts have modified and rescinded orders beyond the normal time limits and taken other corrective measures in cases where it would have been inequitable for parties to suffer consequences of the court's errors.' Jackson v. Hendrick, [746 A.2d 574, 576 (Pa. 2000) (plurality opinion)]. In this regard, the exceptions are similar to the power of the court to grant a *nunc pro tunc* appeal under limited circumstances when otherwise it would lack jurisdiction over that appeal.

Ainsworth, 807 A.2d at 937 (emphasis added) (footnotes omitted).

"'Extraordinary cause' refers to an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." Mfrs. & Traders Trust Co., 108 A.3d at 919.

Here, as set forth above, the ZHB failed to notify Objectors of its final, written decision in violation of Section 908(10) of the MPC. Objectors assert that, because of this failure (and Applicant's failure to serve Objectors with a copy of its land use appeal, which they concede, was not required under this Court's decision in Boerner[9]), they were unaware of the proceedings before the trial court as well as the trial court's order that reversed the ZHB's decision. As explained above, under these circumstances, a remand is appropriate for the trial court to determine whether extraordinary cause exists for the trial court to rescind or modify its order beyond the generally applicable 30-day period.[10]

---

[9] In Boerner v. Hazle Township Zoning Hearing Board, 845 A.2d 210 (Pa. Cmwlth. 2004), this Court held that the MPC does not require an applicant to provide notice of his land use appeal of a ZHB decision to objectors. We further stated, "assuming *arguendo*" the objectors did not receive the ZHB's decision in that case, they could not appeal the decision because the ZHB's decision was essentially rendered in their favor. In a footnote, however, we stated: "To reiterate, [the] [o]bjectors averred in their petition to intervene that they did not receive notice of [the applicant's] land use appeal, not that they did not receive notice of the [ZHB's] decision denying [the applicant's] application for a variance." Here, unlike in Boerner, Objectors repeatedly asserted that they did not receive written notice of the ZHB's decision denying Applicant's various requests for zoning relief and a statement of the place at which the full decision or findings may be examined as required by Section 908(10) of the MPC.

[10] Nevertheless, Applicant contends Objectors lacked standing to appeal the trial court's reversal order based on their failure to obtain party status. Contrary to this assertion, the order on appeal here is not the trial court's reversal order; rather, we are currently concerned with the trial court's later order denying Objectors' petition to open judgment and to intervene *nunc pro tunc*. As to the denial of intervention, Objectors clearly had standing to appeal.
**(Footnote continued on next page…)**

31

### III. Conclusion

Based on the foregoing, the trial court's order is vacated, and this matter is remanded to the trial court to determine whether extraordinary cause exists to permit Objectors' untimely intervention. Because Pa. R.C.P. No. 2329, anticipates a hearing, and no hearing has yet been held, a hearing shall be held on remand. If the trial court determines such cause exists, and no other basis to refuse intervention is apparent, it shall permit Objectors to intervene in Applicant's land use appeal from the ZHB's decision, and it shall issue a new decision on Applicant's land use appeal with Objectors' participation. [11]

---

**(continued…)**

Because Objectors were not a party to the land use appeal, they had no standing to appeal the trial court's reversal order. See M.J.M. Fin. Servs., Inc. v. Burgess, 533 A.2d 1092 (Pa. Cmwlth. 1987). When Objectors learned of that adverse order, they filed their petition to intervene *nunc pro tunc,* and when intervention was denied they timely appealed that order.

[11] Objectors also contend the trial court was compelled to find there was extraordinary cause to disturb its order reversing the ZHB's decision based on Objectors' claim that the trial court's basis for reversing the ZHB's decision was never raised before the ZHB or in Applicant's land use appeal and, as such, the trial court was prohibited from entering the final order.

More particularly, Objectors maintain the trial court's order cited as grounds for its ruling the federal Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§2000cc-2000cc-5, a statute that appeared for the first time in that order. Objectors argue Applicant never raised any argument or citation to that federal law as a reason that it should be granted zoning relief in its application to the ZHB, see R.R. at 3a-6a, or in its land use appeal. Reproduced Record (R.R.) at 9a-13a. Objectors further assert it was improper for the trial court to reverse the ZHB based on this federal law by way of an "agreement" between Applicant and the Township, where the Township never intervened in Applicant's land use appeal, and the ZHB apparently did not participate in the "agreement" on which the trial court relied. Appellants' Br. at 22. Prior to this off-the-record "agreement," Objectors contend, no issue was ever raised that Applicant was entitled to relief under the RLUIPA. Id.

Based on our resolution of this matter, it is not necessary to address this issue. Nevertheless, this Court previously stated that the alleged extraordinary circumstances required to justify the grant of a petition to intervene after entry of an order cannot relate to the merits of an underlying zoning appeal. Chairge v. Exeter Borough Zoning Hearing Bd., 616 A.2d 1057 (Pa. Cmwlth. 1992). Because Objectors' contentions on this point relate to the merits of the

**(Footnote continued on next page…)**

_____
ROBERT SIMPSON, Judge


Judge Covey did not participate in the decision in this case.

_____
**(continued…)**

underlying zoning appeal, these assertions cannot serve as a basis for a finding of extraordinary circumstances justifying the grant of Objectors' untimely petition to intervene.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pendle Hill                         :
                                     :
         v.                 :   No. 933 C.D. 2015
                                     :

The Zoning Hearing Board of     :
Nether Providence Township    :
                                     :

Appeal of: William Brophy and   :
Erin Brophy                      :

## **O R D E R**

**AND NOW**, this 10th day of March, 2016, the order of the Court of Common Pleas of Delaware County is **VACATED** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

 

_____
ROBERT SIMPSON, Judge