# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven L. Holtzapple,                              :
                                                   :
                    Appellant                      :
                                                   :   No. 1114 C.D. 2017
          v.                                       :   Argued: September 14, 2018
                                                   :
CJD Group, LLC and York County                     :
Tax Claim Bureau                                   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                      **FILED: October 31, 2018**


This matter is an appeal by Steven L. Holtzapple (Holtzapple) from an order of the Court of Common Pleas of York County (trial court) that found him in contempt for violating a prior order that set aside an upset tax sale and vacated the prior order and directed that the tax sale be finalized as a civil contempt sanction for that violation. For the reasons set forth below, we affirm the trial court's decision insofar as it found Holtzapple in contempt, but vacate the trial court's setting aside of its prior order and its direction that the tax sale be finalized.

On September 24, 2015, the York County Tax Claim Bureau (Bureau) sold a property that Holtzapple owned in West Manchester Township, York County (the Property) at an upset tax sale for failure to pay real estate taxes on the Property. (Trial Court Op. at 1; Exceptions and Objections to Tax Sale ¶¶1, 4-5, Reproduced

Record (R.R.) at 1a-2a; Petition for Contempt ¶¶3-4 & Ex. A, R.R. at 17a-18a, 22a.) Appellee CJD Group, LLC (Purchaser) was the successful bidder for the Property and paid a total bid amount of $13,311.58. (Petition for Contempt ¶5 & Ex. A, R.R. at 18a, 22a; Exceptions and Objections to Tax Sale ¶5, R.R. at 2a.) The assessed value of the Property was $96,600. (Petition for Contempt Ex. A, R.R. at 22a; Exceptions and Objections to Tax Sale ¶4, R.R. at 2a.)

On October 23, 2015, Holtzapple filed exceptions and objections to the tax sale, asserting that the Bureau did not provide him the required notice of the tax sale. (Exceptions and Objections to Tax Sale ¶¶6-8, R.R. at 2a.) Neither the Bureau nor Purchaser answered the exceptions and objections to the tax sale. On November 9, 2016, following a case management conference, the trial court issued a rule to show cause why the tax sale should not be set aside, ordering that Purchaser file an answer to Holtzapple's exceptions and objections to the tax sale within 20 days and stating that if no answer was filed, Holtzapple could file a motion to make the rule absolute and a proposed order granting the relief sought in the exceptions and objections. (11/9/16 Trial Court Order, R.R. at 6a-7a.) Purchaser did not file any answer following the rule to show cause. (Trial Court Op. at 2; Trial Court Docket Entries.) The rule to show cause did not order the Bureau to file an answer and the Bureau did not file any response to the rule to show cause. (11/9/16 Trial Court Order, R.R. at 6a-7a; Trial Court Op. at 2; Trial Court Docket Entries.) On January 9, 2017, Holtzapple filed a motion to make the rule absolute.

On January 11, 2017, the trial court issued an order granting the relief sought in the motion to make the rule absolute and vacating the tax sale. The January 11, 2017 order provided in relevant part:

2

…[I]n accordance with the attached Motion, the Upset Sale for [the Property], as conducted by the York County Tax Claim Bureau on September 24th, 2015, is hereby vacated.

Any Deed conveying the above-referenced property to the Respondents, CJD Group, LLC, if filed and applicable, is hereby voided.

If there is no appeal filed within thirty (30) days of this Order, Petitioner is directed to file a certified copy of this Order with the Recorder of Deeds in order to clear the chain of title.

It is further ordered that the Petitioner shall pay to the York County Tax Claim Bureaus [*sic*] within thirty-one (31) days of the entry of this Order, all delinquent real estate taxes together with penalty and interest due and owing with respect to this property.

(1/11/17 Trial Court Order, R.R. at 12a.)   The January 11, 2017 order was the proposed order requested by Holtzapple in his motion – the order bears the name and address of Holtzapple's counsel and references the "attached Motion" to make the rule absolute filed by Holtzapple.  (*Id.*, R.R. at 12a-13a.)   No appeal was taken by any party from this order.

Holtzapple did not make any payment of the delinquent real estate taxes or penalty and interest as required by the January 11, 2017 order.  (Trial Court Op. at 3-4; Hearing Transcript (H.T.) at 10, 12, R.R. at 44a, 46a.)  On June 5, 2017, the Bureau filed a petition for contempt seeking to vacate the setting aside of the tax sale, confirm the validity of the tax sale, and permit finalization of the sale as a sanction. (Petition for Contempt, R.R. at 16a-24a.)  On June 15, 2017, the trial court issued an order scheduling a hearing on the petition for contempt for July 6, 2017 and providing that "Holtzapple is advised that failure to appear at this hearing will result in the issuance of a bench warrant for [his] arrest."  (6/15/17 Order, R.R. at 25a.)

Counsel for Holtzapple appeared at the July 6, 2017 hearing, but Holtzapple failed to appear. (Trial Court Op. at 3; H.T. at 2-3, R.R. at 36a-37a.) At the hearing, counsel for Holtzapple admitted that he notified Holtzapple of the hearing, did not dispute that Holtzapple knew of the January 11, 2017 order, and admitted that Holtzapple had not complied with the order's requirement that he pay the taxes, penalty and interest. (Trial Court Op. at 3; H.T. at 2-3, 10, 12, 19, R.R. at 36a-37a, 44a, 46a, 53a.) Counsel for Holtzapple argued only that Holtzapple should not be found in contempt because he lacked the financial ability to comply with the January 11, 2017 order and that even if he was in contempt, the order could not be vacated. (H.T. at 2-3, 6-8, 12-14, 17-20, R.R. at 36a-37a, 40a-42a, 46a-48a, 51a-54a.) Counsel for Holtzapple did not introduce any evidence at the hearing concerning Holtzapple's income or financial condition.

At the July 6, 2017 hearing, the trial court issued an order, entered on the docket on July 10, 2017, in which it found Holtzapple in contempt of the January 11, 2017 order, and, as a civil contempt sanction, vacated the January 11, 2017 order setting aside the tax sale and directed that the tax sale be finalized. (7/6/17 Trial Court Order; H.T. 22-23, R.R. at 56a-57a.) Holtzapple timely appealed the trial court's order to this Court. The parties in this appeal are Holtzapple and the Bureau; Purchaser did not file a brief and was barred from participating in oral argument.

In this Court,[1] Holtzapple argues that the elements of contempt were not proven and that even if he was properly found in contempt, vacating the setting aside of the tax sale and directing that the tax sale be finalized were not permissible civil contempt sanctions for that violation. We conclude that the trial court did not

---

[1] In an appeal from a contempt order, this Court's review is limited to determining whether the trial court abused its discretion or committed an error of law. *West Pittston Borough v. LIW Investments, Inc.*, 119 A.3d 415, 421 n.9 (Pa. Cmwlth. 2015).

4

err in finding Holtzapple in contempt of its January 11, 2017 order, but that it lacked the power to vacate its prior order setting aside the tax sale and to direct that the tax sale be finalized.

In a civil contempt proceeding, the burden is on the complaining party to prove violation of the court order by a preponderance of the evidence. *Barrett v. Barrett*, 368 A.2d 616, 621 (Pa. 1977); *West Pittston Borough v. LIW Investments, Inc.*, 119 A.3d 415, 421 (Pa. Cmwlth. 2015); *Cecil Township v. Klements*, 821 A.2d 670, 675 (Pa. Cmwlth. 2003). Moreover, the language of the order that the contemnor violated must be definite, clear, and specific. *Bold v. Bold*, 939 A.2d 892, 895 (Pa. Super. 2007); *Lachat v. Hinchcliffe*, 769 A.2d 481, 488-89 (Pa. Super. 2001). Holtzapple does not dispute that the language of the January 11, 2017 order requiring him to make payment of delinquent taxes, penalty, and interest with respect to the Property within 31 days was clear.[2] The record before the trial court and the admissions of Holtzapple's counsel established that Holtzapple had notice of the January 11, 2017 order and that he did not comply with that order despite having over five months to do so. The January 11, 2017 order was proposed to the trial court by Holtzapple's counsel and the record shows that a copy of the entered order was faxed to Holtzapple's counsel on January 13, 2017. (1/11/17 Trial Court Order, R.R. at 12a-13a; Trial Court Docket Entry No. 19.) At the July 6, 2017 contempt hearing, Holtzapple's counsel stipulated that as of that date, over five months after the January 11, 2017 order, Holtzapple had not paid any of the taxes, penalty and interest. (H.T. at 10, 12, R.R. at 44a, 46a.)

---

[2] While the January 11, 2017 order did not set forth the amount of the delinquent taxes, penalty, and interest, there is no issue of ambiguity of the amount, as Holtzapple does not contend that he did not know the amount and he made no payment at all, not a payment that he contended complied with the order.

5

Holtzapple argues that he could not be held in contempt because there was no evidence that his failure to pay was volitional or with wrongful intent. We do not agree. Civil contempt may be proved by circumstantial evidence and logical inference from other facts. *Commonwealth v. Reese*, 156 A.3d 1250, 1258 (Pa. Super. 2017). Wrongful intent can be inferred where it is clear from the language of the court order that the conduct in question violates the court order and the evidence shows that the contemnor knowingly failed to comply. *Id.* at 1258-60; *Commonwealth v. Lambert*, 147 A.3d 1221, 1227 (Pa. Super. 2016). Because Holtzapple knew of the January 11, 2017 order and its requirement that payment be made within 31 days was clear, the trial court could properly infer that his nonpayment was with wrongful intent. Because Holtzapple did nothing to comply for a period of over five months despite knowledge of the order, the trial court could infer that his conduct was volitional.

Holtzapple also contends that there was no evidence that he had the financial ability to pay. Contempt cannot be found if the defendant or respondent, without fault on his part, is unable to comply with the court order and has attempted in good faith to comply. *Cecil Township*, 821 A.2d at 675; *Cunningham v. Cunningham*, 182 A.3d 464, 471 (Pa. Super. 2018). Inability to comply with the order, however, is an affirmative defense that must be proved by the contemnor. *Cecil Township*, 821 A.2d at 675; *Cunningham*, 182 A.3d at 471; *see also Barrett*, 368 A.2d at 621 (inability to comply is an affirmative defense that must be proved by contemnor, but a court cannot impose coercive imprisonment as a sanction for failure to pay where contemnor presents evidence of financial inability unless the court is convinced beyond reasonable doubt that contemnor has ability to pay the amount required to purge contempt). There was no evidence that Holtzapple was

6

unable to comply with the order because he did not appear at the contempt hearing and his counsel did not introduce any documentary evidence of his financial condition.

Although the trial court did not err in its contempt finding, the sanction that it imposed cannot stand. The trial court vacated its January 11, 2017 order and directed that the tax sale that was set aside by that order be finalized. The January 11, 2017 order was a final order, as it disposed of all claims of all parties in Holtzapple's exceptions and objections to the tax sale. Pa. R.A.P. 341(b)(1). Under Section 5505 of the Judicial Code, a trial court loses jurisdiction to modify or vacate a final order where more than 30 days have passed after the order was entered. 42 Pa. C.S. § 5505; *In re Consolidated Return of Real Estate Tax Sale*, 74 A.3d 1089, 1093-94 (Pa. Cmwlth. 2013); *Fleetwood Area School District v. Berks County Board of Assessment Appeals*, 821 A.2d 1268, 1275 (Pa. Cmwlth. 2003); *Gardner v. Consolidated Rail Corp.*, 100 A.3d 280, 283 (Pa. Super. 2014). The trial court's sanction vacating the January 11, 2017 order was imposed in July 2017, far outside the 30-day period when it retained jurisdiction to vacate that order.

A limited exception exists, under which a trial court can modify or vacate a prior final order more than 30 days after its entry, where there is fraud, lack of subject matter jurisdiction, a fatal defect on the face of the record, or some other circumstance that constitutes extraordinary cause, such as administrative or court error that denied a party notice of an order or proceeding. *Pendle Hill v. Zoning Hearing Board of Nether Providence Township*, 134 A.3d 1187, 1202 (Pa. Cmwlth. 2016); *Fulton v. Bedford County Tax Claim Bureau*, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008); *Ainsworth v. Department of Transportation, Bureau of Driver Licensing*, 807 A.2d 933, 937 (Pa. Cmwlth. 2002); *Manufacturers & Traders Trust*

7

*Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 919 (Pa. Super. 2015). The Bureau, however, has neither alleged nor shown any fraud, breakdown in court procedures, jurisdictional or facial defect in the January 11, 2017 order, or any other circumstance that rises to the level of extraordinary cause.[3] Because the trial court lacked jurisdiction to modify or vacate its January 11, 2017 order when it imposed sanctions on Holtzapple, we must vacate the trial court's July 6, 2017 order insofar as it vacated the January 11, 2017 order and directed that the tax sale be finalized.[4]

---

[3] Although Holtzapple's counsel raised this jurisdictional issue before the trial court (H.T. at 6-8, 12-14, R.R. at 40a-42a, 46a-48a), the Bureau did not contend that the January 11, 2017 order setting aside the tax sale had been obtained by fraud or that any defect in the order existed. The Bureau introduced no evidence from any person involved in the case when the order was entered and argued only that the court's contempt power permitted it to vacate the order on the ground that other sanctions were not sufficient. (*Id.* at 6-7, 10, 14-17, R.R. at 40a-41a, 44a, 48a-51a.)

[4] Holtzapple also argues that the sanctions imposed by the trial court were criminal contempt sanctions because the trial court did not give him an opportunity to avoid the sanctions by purging the contempt and that the sanctions were improper because the tax sale was legally invalid. We do not rest our judgment on either of these grounds. Civil contempt sanctions may be imposed to coerce compliance with the court's order or to compensate the complainant for the loss from the contemnor's violation of the order. *Department of Environmental Protection v. Cromwell Township, Huntingdon County*, 32 A.3d 639, 643 n.4 (Pa. 2011); *Mrozek v. James*, 780 A.2d 670, 674 (Pa. Super. 2001). While imposition of imprisonment or other penalties can be imposed as a civil contempt sanction only where the contemnor can avoid the sanction by complying with the court order, that requirement does not apply where the sanction is solely compensatory. *Capital Bakers, Inc. v. Local Union No. 464 of the Bakery and Confectionary Workers International Union*, 422 A.2d 521, 525 (Pa. Super. 1980). The purpose of the trial court's sanction here was to compensate the Bureau for Holtzapple's failure to comply by allowing the Bureau to receive the payment that he failed to make from the tax sale proceeds, not to coerce Holtzapple's compliance with the order. (Trial Court Op. at 8-9.) With respect to the second of these arguments, Holtzapple's assertions that the record shows non-compliance with the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803, are incorrect. At the contempt hearing, the Bureau sought to introduce evidence that it had given Holtzapple the required notice of the tax sale, but Holtzapple's counsel objected on the ground that the January 11, 2017 order resolved the issue of insufficiency of notice and the only issue was whether Holtzapple had complied with the January 11, 2017 order. (H.T. at 4-10, R.R. at 38a-44a.) As a consequence, there is nothing in the record demonstrating that the tax sale was or was not valid.

This does not mean that the trial court is powerless to impose any sanction on Holtzapple for his failure to comply with the order or that conducting a new tax sale would make the Bureau whole for the financial loss from his contempt. As Holtzapple conceded at oral argument, the trial court can properly award the Bureau attorney fees to compensate it for its costs in bringing the contempt motion as a civil contempt sanction in this case. We therefore remand this matter to the trial court for further proceedings at which it may impose civil contempt sanctions for Holtzapple's contempt of the January 11, 2017 order that do not vacate or contravene that prior final order.

For the foregoing reasons, we affirm the trial court's finding of contempt, vacate its order insofar as it vacated the January 11, 2017 order and directed that the tax sale be finalized, and remand this matter to the trial court for further proceedings consistent with this opinion.

_____
JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven L. Holtzapple,        :
       :
       Appellant        :
       :    No. 1114 C.D. 2017
       v.        :
       :
CJD Group, LLC and York County    :
Tax Claim Bureau        :

## **O R D E R**

AND NOW, this 31st day of October, 2018, the Order of July 6, 2017 of the Court of Common Pleas of York County is AFFIRMED IN PART and VACATED IN PART. Said Order is AFFIRMED insofar as it found Appellant in contempt. Said Order is VACATED insofar as it vacated that court's January 11, 2017 order and directed that the tax sale set aside by the January 11, 2017 order be finalized, and this matter is remanded to the Court of Common Pleas of York County for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge